February 10, 2026

Michael Williams
Suite 1524
50-58 Macleay Street
Elizabeth Bay NSW 2011
Australia
Michael.Williams@glexia.com
+1 701 484 1337

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PHILADELPHIA DIVISION**

| | |
|---|---|
| **Michael Williams**, an individual residing in New South Wales, Australia,<br><br>Plaintiff,<br><br>v.<br><br>**Connectify, Inc. (d/b/a Speedify)**, a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania<br><br>**Alexander C. Gizis**, an individual residing in Philadelphia, Pennsylvania<br><br>Defendants. | Civil Action No. <u>2:26-cv-00818-GJP</u><br><br>1) **EXPEDITED MOTION FOR LEAVE TO EXCEED PAGE LIMIT**<br>2) **CERTIFICATE OF SERVICE**<br>3) **PROPOSED ORDER** |

<u>**EXPEDITED MOTION OF PRO SE PLAINTIFF FOR LEAVE TO EXCEED THE**</u>

<u>**PAGE LIMIT FOR MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY**</u>

<u>**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY**</u>

<u>**INJUNCTION PURSUANT TO JUDGE PAPPERT'S POLICIES AND**</u>

<u>**PROCEDURES**</u>

Plaintiff Michael Williams ("Plaintiff"), appearing pro se, respectfully moves this Honorable Court, pursuant to the Policies and Procedures of the Honorable District Judge Gerald J. Pappert (Revised June 2025), for an Order granting Plaintiff leave to file his Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction in excess of the twenty-five (25) page limit established by Judge Pappert's Policies and Procedures, up to a maximum of forty-five (45) pages. Plaintiff further respectfully requests that this Motion be treated as EXPEDITED because Plaintiff is concurrently seeking to file the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and requires immediate resolution of this Motion to do so. In support of this Motion, Plaintiff states as follows:

## I. BASIS FOR THE MOTION

**1.** Judge Pappert's Policies and Procedures (Revised June 2025), Section II.D.3, provide that "[a]bsent an order stating otherwise, any brief or memorandum filed in support of or in opposition to a motion must be limited to 25 pages of double-spaced 12-point font, excluding the table of contents, table of authorities, and any attachments or exhibits." The Policies further provide: "If a party believes that it will need more than 25 pages to explain its position to the Court, the party should file a motion to exceed the page limit, setting forth the reasons why the party believes it should be granted an exception to this rule."

**2.** Plaintiff's Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is approximately forty-five (45) pages in length, excluding the table of contents and table of authorities. Plaintiff respectfully requests leave to file the Memorandum as drafted, in excess of the twenty-five (25) page limit.

## II. GOOD CAUSE FOR EXCEEDING THE PAGE LIMIT
### A. Complexity and Number of Claims

**3.** The underlying Verified Complaint asserts fourteen (14) claims for relief, spanning breach of contract, fraud and intentional misrepresentation, trespass to chattels, conversion,

violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.), violations of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), the California False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.), and the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), breach of implied warranties under the Uniform Commercial Code, unjust enrichment, declaratory relief, and claims under the Australian Consumer Law. The TRO motion addresses likelihood of success on multiple independent claims, each requiring separate legal analysis with supporting authority.

4. The Memorandum must address all four factors of the Third Circuit's preliminary injunction standard under *Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017), including: (a) likelihood of success on the merits across multiple claims arising under the laws of three jurisdictions—Pennsylvania, California, and Australia; (b) irreparable harm involving upwards of $250,000 in damages across multiple categories of injury, including losses contingent upon cryptocurrency market conditions that may be unrecoverable; (c) the balance of hardships; and (d) the public interest. The Memorandum must also address the status quo ante analysis under *Acierno v. New Castle County*, 40 F.3d 645 (3d Cir. 1994), the security requirement under Rule 65(c), and the distinction between prohibitory and mandatory injunctions under *Punnett v. Carter*, 621 F.2d 578 (3d Cir. 1980).

**B. Multi-Jurisdictional Legal Issues**

5. This case presents legal issues arising under the laws of three separate jurisdictions: (a) Pennsylvania law governing breach of contract, fraud, trespass to chattels, conversion, unconscionability, the implied covenant of good faith and fair dealing, and the Pennsylvania UTPCPL; (b) California law governing the UCL, FAL, and CLRA; and (c) Australian law governing the Australian Consumer Law (ACL), including consumer guarantees under sections

54, 55, and 56 that are mandatory and unexcludable under ACL sections 64–64A. Each jurisdictional body of law requires separate citation to applicable statutes and case authority.

**C. Novelty of the Issues**

**6.** The Memorandum addresses novel issues involving the remote disabling of consumer-owned hardware through software-based serial-number blacklisting—a practice for which there is limited directly controlling precedent. The Memorandum must develop the application of established tort principles (trespass to chattels and conversion under the *Restatement (Second) of Torts* §§ 217–222A) to the emerging context of cloud-dependent hardware, and must distinguish relevant case law including *CompuServe Inc. v. Cyber Promotions, Inc.*, 962 F. Supp. 1015 (S.D. Ohio 1997), and *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342 (2003).

**D. Detailed Factual Record**

**7.** The underlying facts are extensive and time-sensitive, involving: (a) a detailed chronology of Plaintiff's express written rejection of cancellation on January 25 and 26, 2026; (b) Defendants' fabrication of a "cancellation request" on January 27, 2026, with UTC-timestamped precision to the second; (c) Defendants' escalation to device-level blacklisting within 48 hours; (d) Defendant Gizis's personal direction of the termination and contemptuous refusal to comply with legal process; (e) emergency proceedings in the Supreme Court of New South Wales, Australia, resulting in a published decision, *Williams v. Connectify, Inc.* [2026] NSWSC 30; and (f) over forty (40) written communications between the parties. These facts must be presented with specificity and supported by citations to the Verified Complaint and the Declaration of Michael Williams to satisfy the Court's standards.

**E. Pro Se Status**

**8.** Plaintiff is a self-represented pro se litigant. While Plaintiff has endeavored to present his arguments as concisely as possible, his self-represented status necessarily requires a more complete exposition of the legal framework to demonstrate to the Court that the applicable

standards have been met. Courts routinely recognize that pro se litigants may require additional pages to present their arguments. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings held to less stringent standards); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**F. Emergency Nature of the Underlying Motion**

9. The Memorandum supports an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. This case involves not merely the destruction of Plaintiff's AUD $2,725.82 router—which Defendants have threatened to render permanently inoperable by making its serial number "dead" in their systems—but upwards of $250,000 in consequential damages that may never be recoverable if the Court does not act. The calculation and proof of those losses is inherently difficult because they are contingent upon cryptocurrency recovery and market conditions: Plaintiff's router serves as the critical infrastructure for cryptocurrency staking operations, and the ongoing disruption caused by Defendants' conduct has resulted in lost staking rewards, missed market opportunities, and compounding losses that grow with each passing day and fluctuate with volatile digital asset markets. These damages may become impossible to quantify or recover if Defendants are permitted to permanently destroy the device before relief is granted. The emergency nature of the underlying motion and the magnitude and complexity of the threatened harm—both the irreversible destruction of physical property and the potentially unrecoverable financial losses tied to cryptocurrency markets—require a comprehensive presentation of the legal basis for relief to enable the Court to rule promptly and with confidence. Truncating the Memorandum to 25 pages would require Plaintiff to omit claims, factual detail, or legal analysis material to the Court's consideration of the TRO motion.

**III. COMPLIANCE WITH FILING REQUIREMENTS**

February 10, 2026

**10.** Plaintiff's Memorandum complies with all other formatting requirements of Judge Pappert's Policies and Procedures, including double-spaced, 12-point font, and includes a table of contents and table of authorities as required for any brief longer than ten (10) pages. Plaintiff notes that this Motion is being filed prior to the Memorandum deadline, as contemplated by Judge Pappert's Policies and Procedures, to allow the Court sufficient time to consider and rule on the Motion.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Williams respectfully requests that this Honorable Court enter an Order:

(a) Granting Plaintiff leave to file his Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction in excess of the twenty-five (25) page limit, up to a maximum of forty-five (45) pages, excluding the table of contents, table of authorities, and any attachments or exhibits;

(b) Granting this Motion on an EXPEDITED basis so that Plaintiff may promptly file his Emergency Motion for a Temporary Restraining Order and Preliminary Injunction;

(c) Granting such other and further relief as the Court deems just and proper.

Dated: February 10, 2026

Respectfully submitted,

MICHAEL WILLIAMS, Pro Se
Suite 1524, 50-58 Macleay Street
Elizabeth Bay NSW 2011
Australia
Telephone: +1 701 484 1337
Email: Michael.Williams@glexia.com

/s/*Michael Williams*

Michael Williams

February 10, 2026

### CERTIFICATE OF SERVICE

I, Michael Williams, hereby certify that on February 10, 2026, a true and correct copy of the foregoing Expedited Motion of Pro Se Plaintiff for Leave to File Excess Pages and the accompanying Proposed Order was served upon all parties of record by email at the following addresses:

**Connectify, Inc.**

Attn: Alexander C. Gizis, Chief Executive Officer

601 Spring Garden Street, 3rd Floor

Philadelphia, PA 19123

cbiemiller@tlgattorneys.com, dscott@stradley.com, skats@stradley.com,

pkingsley@stradley.com, pforet@stradley.com, kcasey@stradley.com,

uspto@connectify.me, kamran.emdadi@gmail.com, support@speedify.com,

agizis@connectify.me, AsheryESQ@gmail.com, lashery@connectify.me

**Alexander C. Gizis**

430 Pine Street

Philadelphia, PA 19106

agizis@connectify.me

MICHAEL WILLIAMS, Pro Se
Suite 1524, 50-58 Macleay Street
Elizabeth Bay NSW 2011
Australia
Telephone: +1 701 484 1337
Email: Michael.Williams@glexia.com

/s/*Michael Williams*
_____
Michael Williams