# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

**Michael Williams**, an individual residing in New South Wales, Australia,

      Plaintiff,

      v.

**Connectify, Inc. (d/b/a Speedify)**, a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania

**Alexander C. Gizis**, an individual residing in Philadelphia, Pennsylvania

      Defendants.

Civil Action No. 2:26-cv-00818-GJP

## [PROPOSED] TEMPORARY RESTRAINING ORDER  (TRO) AND ORDER TO SHOW CAUSE (OSC)

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the supporting Memorandum of Law, the Declaration of Michael Williams in Support of Emergency Motion for Temporary Restraining Order with Exhibits, the Declaration of Michael Williams Regarding Notice and Compliance with Fed. R. Civ. P. 65(b), the Declaration of James Foerst in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the Verified Complaint, and the entire record herein, and for good cause shown, it is hereby ORDERED as follows:

**1. Effective Date and Authority.** This Temporary Restraining Order ("TRO") is issued pursuant to Federal Rule of Civil Procedure 65(b) and is effective immediately upon entry. The Court finds that Plaintiff has demonstrated: (a) a likelihood of success on the merits of his claims for breach of contract, trespass to chattels, conversion, fraud, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and California consumer protection statutes; (b) that irreparable harm is likely absent relief; (c) that the balance of equities tips in Plaintiff's favor; and (d) that the public interest favors the relief granted.

**2. Service Restoration.** Defendants Connectify, Inc. and Alexander C. Gizis, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, are ORDERED, within two (2) hours of receiving notice of this Order, to:

(a) Restore Plaintiff's access to Speedify services by reactivating Plaintiff's "Speedify Pro Router Yearly 3000GB Subscription" plan (Invoice #502472, USD $450.00) with the same subscription level, data allowance, and terms in effect prior to the unauthorized deactivation on January 27, 2026, or, if reactivation of the original plan is technically infeasible, issue Plaintiff a new Speedify router subscription plan with specifications no less favorable than the original plan (minimum 3000 GB monthly data allowance, Redundant Mode capability, and geographic routing suitable for multi-WAN bonding);

(b) Remove any device-level blacklist, serial-number disablement, or other restriction preventing activation of Speedify on Plaintiff's "Powered by Speedify" Miri X510 dual-SIM router (serial number 00A601241115008), and restore any license, authentication, entitlement, or other functionality required for Plaintiff to use Speedify on said router; and

(c) Plaintiff shall, as a condition of service restoration, repay to Defendants within seven (7) days of restoration any refund amounts previously issued by Defendants in connection with the deactivation of Plaintiff's subscriptions, upon Defendants' provision of payment instructions.

**3. Injunction.** Defendants, and all persons bound by this Order under Federal Rule of Civil Procedure 65(d)(2), are RESTRAINED and ENJOINED, pending further Order of the Court, from:

(a) Suspending, terminating, degrading, disabling, blacklisting, refunding, or otherwise interfering with Plaintiff's access to Speedify services;

(b) Deactivating, canceling, or refunding any subscription, license, or entitlement associated with Plaintiff or Plaintiff's accounts;

(c) Disabling, blacklisting, or rendering unusable any device serial number associated with Plaintiff's "Powered by Speedify" Miri X510 dual-SIM router (serial number 00A601241115008); and

(d) Taking any other action that would prevent Plaintiff from using Speedify services on the affected router during the pendency of this action.

**4. Evidence Preservation.** Defendants shall preserve and shall not destroy, alter, delete, or otherwise modify any evidence relevant to Plaintiff's claims, including but not limited to:

(a) Account records relating to Plaintiff or any account used by Plaintiff;

(b) Subscription records, payment records, and transaction history;

(c) Support ticket communications, including Ticket No. 676251 and all related communications;

(d) Device entitlement records, serial number status, and licensing records associated with Plaintiff's router; and

(e) Internal communications (including emails, messages, and notes) relating to Plaintiff, Plaintiff's accounts, or Plaintiff's devices.

**5. Security.** Pursuant to Federal Rule of Civil Procedure 65(c), and considering the limited scope of the requested relief, the negligible potential harm to Defendants from providing paid service to a paying customer, and Plaintiff's status as a pro se litigant, Plaintiff shall post security in the amount of $_____ with the Clerk of Court within _____ hours of entry of this Order. The TRO shall take effect immediately upon entry; however, if the required security is not timely posted, Defendants may move to dissolve the TRO.

**6. Duration.** This TRO shall expire at 11:59 p.m. on _____ (fourteen (14) days after entry) unless, before that time, the Court, for good cause shown, extends the TRO for a like period or the parties consent to a longer extension. See Fed. R. Civ. P. 65(b)(2).

**7. Preliminary Injunction Hearing.** A hearing on Plaintiff's Motion for Preliminary Injunction is scheduled for _____ at _____ [a.m./p.m.], in Courtroom _____, United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Defendants shall file any response or opposition to the Motion for Preliminary Injunction no later than _____ [date].

**8. Service of Order.** Plaintiff shall promptly serve Defendants with a copy of this Order and all motion papers by email to the following addresses: agizis@connectify.me (Defendant Gizis, CEO); Brian Prodoehl, support@speedify.com (Connectify customer support);

uspto@connectify.me (Connectify legal/IP); AsheryESQ@gmail.com and lashery@connectify.me (Lauren Ashery, Chief Counsel); kamran.emdadi@gmail.com (Kamran Emdadi, outside counsel); cbiemiller@tlgattorneys.com (Christopher Biemiller, TLG Attorneys); dscott@stradley.com, skats@stradley.com, pkingsley@stradley.com, pforet@stradley.com, and kcasey@stradley.com (Stradley Ronon Stevens & Young, LLP), and by any other reasonably calculated means of providing actual notice. Plaintiff shall file proof of service with the Court. Plaintiff shall also arrange for formal service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4 at Connectify, Inc.'s principal place of business at 601 Spring Garden Street, 3rd Floor, Philadelphia, Pennsylvania 19123, and at Defendant Gizis's residence at 430 Pine Street, Philadelphia, Pennsylvania 19106, through a professional process server and, if authorized by the Court, through the U.S. Marshals Service.

**9. Motion to Dissolve.** Pursuant to Federal Rule of Civil Procedure 65(b)(4), the party against whom this Order is issued may appear and move to dissolve or modify this Order on two (2) days' notice to Plaintiff, or on such shorter notice as the Court may prescribe.

**10. Compliance.** Failure to comply with any provision of this Order may result in a finding of contempt of court and such sanctions as the Court deems appropriate.

**11. Other Relief.** The Court grants such other and further relief as is just and proper to effectuate the purposes of this Order.

**IT IS SO ORDERED.**

_____

THE HONORABLE GERALD J. PAPPERT

UNITED STATES DISTRICT JUDGE