IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WILLIAMS,<br>Plaintiff, | Civil Action No.<br>**2:26-cv-00818-GJP** |
| v. | |
| CONNECTIFY, INC.; and<br>ALEXANDER C. GIZIS,<br>Defendants. | |

# EXHIBIT C

## Advance Notice of Imminent TRO Application

Email dated February 7, 2026, 12:50 AM — Advance notice of imminent TRO application, with detailed legal analysis of Rule 65(b) notice requirements and request for confirmation of hearing participation

*Attached to the Declaration of Michael Williams*
*Regarding Notice and Compliance with Fed. R. Civ. P. 65(b)*
*Dated February 10, 2026*

# Service of Verified Complaint — Williams v. Connectify, Inc. et al., U.S. District Court, Eastern District of Pennsylvania (Civil Action No. pending)

**Michael Williams** <Michael.Williams@glexia.com>                    Sat, Feb 7, 2026 at 12:50 AM
To: cbiemiller@tlgattorneys.com, dscott@stradley.com, skats@stradley.com, pkingsley@stradley.com, pforet@stradley.com, kcasey@stradley.com, uspto@connectify.me, kamran.emdadi@gmail.com, Brian Prodoehl <support@speedify.com>, agizis@connectify.me, AsheryESQ@gmail.com, lashery@connectify.me

Dear Counsel,

I write to provide clear, documented notice that Mr. Williams will be seeking emergency relief in the Eastern District of Pennsylvania at the earliest available opportunity by way of a Temporary Restraining Order ("TRO"). This notice is being sent directly to attorneys who currently represent the same client—Connectify—in active litigation before this same Court. That matters: it makes this notice not only reasonable and effective, but the most reliable, "calculated" form of notice available on an emergency timeline.

Mr. Williams anticipates filing the following materials as soon as practicable tomorrow:

• Notice of Motion and Motion for a Temporary Restraining Order
• Memorandum of Law in Support
• Affidavits in Support, including a subsequent affidavit showing the service of filed documents.

Mr. Williams recognises this is short notice. Proceeding pro se and managing cognitive and processing difficulties, he has nonetheless taken the additional step—beyond what Rule 65(b) requires in an emergency—to ensure Defendants receive actual, timely, and documented notice through counsel who are already retained, active, and appearing for Connectify in this courthouse.

I. THIS EMAIL PROVIDES ADEQUATE NOTICE UNDER RULE 65(b) AND DUE PROCESS

A. Rule 65(b) Requires "Notice"—Not Formal Service—and Notice to Counsel Is Expressly Recognised

Rule 65(b)(1) draws a simple line: a TRO is "without notice" only when notice has not been given to "the adverse party or its attorney." The rule is written in the disjunctive. Notice to the party's attorney is notice under the rule. That is precisely what Mr. Williams is providing here.

The Advisory Committee Notes reinforce the point in plain language: "informal notice, which may be communicated to the attorney rather than the adverse party, is to be preferred to no notice at all," and where time does not permit formal notice, "telephonic notice to the attorney" is a proper expedient. Mr. Williams is doing more than that: he is providing written, time-stamped email notice and will be serving the complete TRO papers to counsel.

Courts applying Rule 65(b) consistently emphasise that the governing standard is reasonableness and practicality—what is "calculated" to reach the adverse side in time—not ritualistic formality. The Supreme Court in Granny Goose recognised that informal notice plus a prompt hearing is preferred to none, and Mullane sets the constitutional minimum: notice reasonably calculated to apprise interested parties and permit objections. Serving the TRO papers on known, identifiable counsel who actively represents the party in this very court is the paradigmatic example of notice "reasonably calculated" to provide actual awareness.

B. Notice to an Attorney Representing the Party in This Court Is Not a "Workaround"—It Is the Point

This is not a case where counsel is unknown, cannot be located, or is not meaningfully connected to the client. These are attorneys presently representing Connectify before this Court. That makes notice especially reliable, for at least four reasons:
1. Actual channel to the client: active counsel has a direct, established communication channel to the decision-makers who must respond.
2. Institutional competence: counsel is positioned to evaluate emergency papers immediately and advise the client appropriately.
3. Written record: email notice creates an indisputable record of what was sent, when, and to whom.
4. No unfair surprise: because Connectify already litigates in this forum through this counsel, there is nothing unexpected or prejudicial about routing emergency notice through that same counsel.

This is exactly what "calculated notice" means in practice.

C. The "Not Counsel of Record in This Docket" Response Does Not Defeat Notice

Any assertion that "we are not counsel in this matter" does not change the operative facts relevant to notice: counsel receiving this email has an ongoing attorney-client relationship with the same party, Connectify, in active litigation

before this Court. Under well-established principles, notice to a litigant's attorney is generally treated as notice to the litigant once litigation has commenced, and agency principles likewise impute material knowledge from agent to principal.

Put simply: the adequacy of notice turns on whether the method chosen is reasonably calculated to reach the party in time—not on whether counsel has filed an appearance under the specific caption number Mr. Williams is filing tomorrow.

## II. SERVICE ON COUNSEL WHO REPRESENTS THE SAME PARTY IN THIS COURT IS GOOD SERVICE FOR EMERGENCY PURPOSES

A. Rule 65(b) "Notice" Is a Lower Bar Than Rule 5 "Service," and Mr. Williams Meets (and Exceeds) Both

Even if the Court were to evaluate this under the more formal Rule 5 lens, Rule 5(b)(1) provides that when a party is represented, service "must be made on the attorney." That reflects the practical reality: counsel is the proper recipient for litigation papers.

Rule 65(b), by contrast, requires only notice. Mr. Williams is meeting the lower Rule 65(b) threshold and simultaneously providing the functional equivalent of Rule 5 service by delivering the papers to counsel.

The absence of completed Rule 4 service does not strip the Court of power to address emergency preservation of rights. The TRO notice requirement is a due-process safeguard—designed to prevent ambush—not a technical trap that permits a party to evade emergency proceedings by hiding behind form while actively litigating in the same courthouse through the same counsel.

B. This Notice Is Especially Compelling Because It Eliminates Any Claim of Prejudice or Surprise

If Defendants later argue they lacked notice, the record will show:

• Mr. Williams notified Connectify's active E.D. Pa. counsel in writing;
• he sent advance notice of the TRO and the filings; and
• he served the complete motion papers promptly.

That is the opposite of ambush. It is proactive fairness.

If Defendants nonetheless decline to appear, Mr. Williams will be able to certify to the Court, under Rule 65(b)(1)(B), exactly what efforts were made to provide notice—including this correspondence and the timing of service of the papers—and why any nonappearance is a choice, not a consequence of inadequate notice.

## III. THIS IS THE MOST RELIABLE AND GOOD-FAITH METHOD OF PROVIDING NOTICE ON AN EMERGENCY TIMELINE

In short, Mr. Williams is not asking the Court to dispense with notice; he is providing it in the most direct, reliable way available: through retained counsel actively representing the same party in this Court.

That is good notice. It is good service for emergency purposes. And it is precisely what Rule 65(b), the Advisory Committee Notes, and due process are designed to encourage—reasonable steps that ensure the adverse side is actually informed and has an opportunity to respond.

Accordingly, Mr. Williams respectfully requests that Defendants confirm promptly:
1. whether Connectify will appear for any TRO hearing the Court may schedule on short notice; and
2. the appropriate email address(es) for any additional counsel or representatives who should receive the filed papers immediately upon submission.

Nothing herein waives any rights, claims, or defenses. Mr. Williams expressly reserves the right to proceed on an ex parte basis if Defendants decline to appear after receiving this notice, and to certify the notice efforts made, including this correspondence.

Respectfully,

Michael Williams

---

**Michael B. Williams**
Glexia - An IT Company

Book a Meeting With Me

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/
Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

[Quoted text hidden]