February 10, 2026

Michael Williams
Suite 1524
50-58 Macleay Street
Elizabeth Bay NSW 2011
Australia
Michael.Williams@glexia.com
+1 701 484 1337

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## PHILADELPHIA DIVISION

| | |
|---|---|
| **Michael Williams**, an individual residing in New South Wales, Australia,<br><br>Plaintiff,<br><br>v.<br><br>**Connectify, Inc. (d/b/a Speedify)**, a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania<br><br>**Alexander C. Gizis**, an individual residing in Philadelphia, Pennsylvania<br><br>Defendants. | Civil Action No. <u>2:26-cv-00818-GJP</u><br><br>**DECLARATION OF MICHAEL WILLIAMS REGARDING NOTICE AND COMPLIANCE WITH FED. R. CIV. P. 65(B)** |

## DECLARATION OF MICHAEL WILLIAMS REGARDING NOTICE AND COMPLIANCE WITH FED. R. CIV. P. 65(b)

I, Michael Williams, declare as follows pursuant to 28 U.S.C. § 1746:

## I. Introduction and Purpose

1. I am the Plaintiff in the above-captioned action, *Williams v. Connectify, Inc. et al.* I am a self-represented (pro se) litigant. I submit this Declaration in support of my Emergency Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction, for the specific purpose of certifying my diligent efforts to provide Defendants and their counsel with notice of this application, and to demonstrate compliance with the notice requirements of Federal Rule of Civil Procedure 65(b), the Local Civil Rules of this Court, and the Policies and Procedures of the Honorable Gerald J. Pappert.

2. This Declaration supplements the Declaration of Michael Williams in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Williams Declaration"), filed contemporaneously herewith. The Williams Declaration addresses the substantive merits of Plaintiff's claims and the grounds for emergency relief. This Notice Declaration addresses the procedural question of notice.

3. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to them. Where this Declaration describes communications, I personally sent or received those communications. Where this Declaration references documents, true and correct copies are attached as exhibits hereto.

## II. Background: Extensive Pre-Filing Notice to Defendants

4. Defendants and their counsel have been on notice of this dispute since **January 26, 2026**, when the first formal notice of dispute was sent, and since **January 27, 2026**, when demands for restoration of service began. As detailed in the Williams Declaration at ¶ 69 and Exhibit K thereto, Defendants have received approximately **forty (40) written communications** via email, SMS, WhatsApp, formal legal notices, support tickets, and court

filings between January 25 and February 9, 2026. Not one of these communications received a substantive response.

5. Prior to filing this Emergency Motion, Plaintiff undertook the following additional notice efforts beyond the ordinary course: (a) initiated and served emergency proceedings in the Supreme Court of New South Wales (Case No. 2026/00043842); (b) served the published decision *Williams v. Connectify, Inc.* [2026] NSWSC 30 on Defendants; (c) served a Pre-Suit Notice under Cal. Civ. Code § 1782(a); (d) served formal pre-action notices for proceedings in the United Kingdom, Switzerland, and Estonia; and (e) served a Notice of Intended UK Proceedings on twelve (12) recipients, including attorneys at Stradley Ronon Stevens & Young LLP and TLG Attorneys. Defendants' own identified counsel, Mr. Ashery, was separately served four (4) times between January 31 and February 9, 2026, and did not respond to any of these service attempts.

6. In sum, as of the date of this Declaration, Defendants and their counsel have been on notice of this dispute for **approximately two weeks**, have received dozens of communications across multiple channels and jurisdictions, and have been specifically on notice of the imminent TRO application since February 7, 2026. Despite this extensive notice, Defendants have not responded to any communication, have not appeared in any proceeding, and have not indicated any intention to participate in the TRO hearing.

## III. Chronological Record of Notice Regarding This Emergency Motion

7. The following is a complete chronological record of the specific written communications sent to Defendants and their counsel regarding the filing of this action and the Emergency Motion for TRO. Each communication was sent by email from Michael.Williams@glexia.com to the same twelve (12) recipients, comprising all known counsel and interested parties:

(a) cbiemiller@tlgattorneys.com (TLG Attorneys — counsel for Connectify in related E.D. Pa. proceedings)

(b) dscott@stradley.com, skats@stradley.com, pkingsley@stradley.com, pforet@stradley.com, kcasey@stradley.com (Stradley Ronon Stevens & Young LLP — counsel for Connectify in related E.D. Pa. proceedings)

(c) agizis@connectify.me (Defendant Alexander C. Gizis, CEO of Connectify, Inc.)

(d) lashery@connectify.me, AsheryESQ@gmail.com (Lance Ashery — Defendants' identified legal counsel)

(e) kamran.emdadi@gmail.com (Kamran Emdadi — identified contact for Connectify)

(f) uspto@connectify.me (Connectify's general counsel address listed in USPTO filings)

(g) Brian Prodoehl, support@speedify.com (Speedify customer support — operational contact)

8. None of the emails described below were returned as undeliverable. No bounce-back, auto-reply, or delivery failure notification was received for any communication. To the best of my knowledge, all emails were successfully delivered to the intended recipients.

**A. February 6, 2026, 4:45 PM CST — Service of Verified Complaint (Exhibit A)**

9. On February 6, 2026, at 4:45 PM CST, I sent an email to all twelve recipients identified above, serving a copy of the Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, Declaratory Relief, Restitution, and Damages filed that date in this Court. The email was sent under the subject line "Service of Verified Complaint — *Williams v. Connectify, Inc. et al.*, U.S. District Court, Eastern District of Pennsylvania (Civil Action No. pending)." The email attached the filed Complaint as a PDF

document. The email advised all recipients that the Complaint had been filed via the Court's electronic self-filing portal and that formal service would be effected in accordance with Rule 4 of the Federal Rules of Civil Procedure. A true and correct copy of this email is attached hereto as **Exhibit A**.

**B. February 7, 2026, 12:03 AM — Notice of Revised Complaint (Exhibit B)**

10. On February 7, 2026, at 12:03 AM, I sent a follow-up email to all twelve recipients advising that a revised complaint would be filed. The email detailed the substantive refinements to the pleadings, including clarification of the choice-of-law analysis, refinement of claims for implied breach of contract and breach of the implied covenant of good faith and fair dealing grounded in California law, and preservation of the objection to venue in the Eastern District of Pennsylvania. A true and correct copy of this email is attached hereto as **Exhibit B**.

**C. February 7, 2026, 12:50 AM — Advance Notice of Imminent TRO Application (Exhibit C)**

11. On February 7, 2026, at 12:50 AM, I sent a detailed email to all twelve recipients providing **express advance notice** that I would be seeking emergency relief in the form of a Temporary Restraining Order at the earliest available opportunity. This email is the most significant notice communication, as it was specifically designed to satisfy the requirements of Federal Rule of Civil Procedure 65(b) and to eliminate any possible claim of inadequate notice or unfair surprise.

12. The February 7 notice email identified the specific documents that would be filed, namely: (a) a Notice of Motion and Motion for a Temporary Restraining Order; (b) a Memorandum of Law in Support; and (c) Affidavits in Support, including a subsequent affidavit showing the service of filed documents.

13. The email further provided a detailed legal analysis explaining why the notice being provided satisfied the requirements of Rule 65(b) and due process. Specifically, the email

addressed: (a) that Rule 65(b)(1) requires "notice"—not formal service—and that notice to counsel is expressly recognized under the rule; (b) that the Advisory Committee Notes to Rule 65 confirm that informal notice communicated to the attorney is preferred to no notice at all; (c) that notice to attorneys representing the same party in active litigation before this same Court is the paradigmatic example of notice "reasonably calculated" to provide actual awareness, as contemplated by *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); and (d) that any assertion by counsel that they are "not counsel of record in this docket" does not defeat the adequacy of notice where counsel has an ongoing attorney-client relationship with the same party in active litigation before this Court.

14. The email expressly requested that Defendants confirm: (1) whether Connectify would appear for any TRO hearing the Court may schedule on short notice; and (2) the appropriate email addresses for any additional counsel or representatives who should receive the filed papers immediately upon submission. **No response was received.** A true and correct copy of this email is attached hereto as **Exhibit C**.

**D. February 10, 2026, 8:06 AM — Follow-Up Request for Confirmation (Exhibit D)**

15. On February 10, 2026, at 8:06 AM—the morning of the day on which the Emergency Motion was filed—I sent a further email to all twelve recipients requesting confirmation of receipt and an update regarding Defendants' intentions to participate in any forthcoming hearing on the emergency application. The email also asked whether there were any additional contacts who should be included for immediate service of the filed materials. **No response was received.** A true and correct copy of this email is attached hereto as **Exhibit D**.

**E. February 10, 2026, 9:53 AM — Service of Expedited Motion for Leave to Exceed Page Limit (Exhibit E)**

16. On February 10, 2026, at 9:53 AM, I served all twelve recipients by email with: (1) the Expedited Motion of Pro Se Plaintiff for Leave to Exceed the Page Limit for Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction; and (2) a Proposed Order granting the relief requested therein. The email was transmitted by email to the twelve (12) recipients identified in Paragraph 7 above, to provide contemporaneous written notice of the filing and the relief sought. A true and correct copy of this email is attached hereto as **Exhibit E**.

**F. February 10, 2026, 4:41 PM CST — Service of Emergency Motion for TRO (Exhibit F)**

17. On February 10, 2026, at 4:41 PM CST, I served all twelve recipients by email with the complete set of Emergency Motion papers, comprising twenty-one (21) attachments in total:

(a) Emergency Motion for Temporary Restraining Order and Preliminary Injunction, with Certificate of Service;

(b) Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction;

(c) Declaration of Michael Williams in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction (59 pages), with Exhibits A through R;

(d) Declaration of James Foerst in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction; and

(e) [Proposed] Temporary Restraining Order (TRO) and Order to Show Cause (OSC).

18. The email was transmitted by email to the twelve (12) recipients identified in Paragraph 7 above. The email informed all recipients that the Motion had been designated

**EMERGENCY**, that Plaintiff sought narrowly tailored restorative relief, and that the Memorandum of Law addressed fourteen (14) claims spanning three jurisdictions with upwards of $250,000 in potential damages. A true and correct copy of this email is attached hereto as **Exhibit F**.

## IV. Compliance with Federal Rule of Civil Procedure 65(b)

19. Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. As I am proceeding pro se, I make this certification myself.

20. **I am not seeking ex parte relief.** I have provided notice to the adverse parties and their attorneys through the six (6) separate email communications detailed above, sent over the period from February 6 through February 10, 2026, to twelve (12) recipients encompassing all known counsel and interested parties. I have specifically notified attorneys who currently represent Connectify, Inc. in active litigation before this same Court—making this notice not merely adequate, but the most reliable, "calculated" form of notice available under the circumstances.

21. The notice provided exceeds the requirements of Rule 65(b) in the following respects:

   (a) Written, time-stamped email notice was provided—more than the telephonic notice the Advisory Committee Notes identify as acceptable;

   (b) Notice was sent to both the adverse parties directly and to their known attorneys, as contemplated by Rule 65(b)(1), which references notice to the adverse party "or its attorney";

(c) Advance notice of the TRO application was provided three (3) days before the Motion was filed (February 7 notice of imminent filing);

(d) A detailed legal analysis of the notice requirements was provided to counsel, eliminating any claim of ambiguity regarding the nature of the proceedings;

(e) Multiple follow-up communications were sent requesting confirmation of receipt and intentions regarding hearing participation;

(f) The complete Emergency Motion papers, including all supporting declarations and exhibits (21 attachments), were served on the same day the Motion was filed; and

(g) No communication was returned as undeliverable, and no bounce-back or delivery failure notification was received for any email.

22. I respectfully submit that the notice provided is reasonably calculated to apprise Defendants of the pendency of this application and to afford them an opportunity to respond, as required by *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). If Defendants choose not to appear or respond, that is a voluntary choice—not a consequence of inadequate notice.

## V. Compliance with Local Civil Rules and Judge Pappert's Policies

23. **Local Civil Rule 7.1(a) (Proposed Order):** In compliance with Local Civil Rule 7.1(a), the Emergency Motion is accompanied by a [Proposed] Temporary Restraining Order (TRO) and Order to Show Cause (OSC), which was provided by email to Defendants and the recipients identified in Paragraph 7 above.

24. **Local Civil Rule 7.1(c) (Brief in Support):** In compliance with Local Civil Rule 7.1(c), the Emergency Motion is accompanied by a Memorandum of Law in Support, setting forth the legal contentions and authorities relied upon in support of the Motion.

25. **Local Civil Rule 7.1(d) (Certificate of Service):** In compliance with Local Civil Rule 7.1(d), the Emergency Motion includes a written statement confirming the date and

manner of service upon all parties, and a Certificate of Service is appended to the Motion and to each supporting declaration.

26. **Judge Pappert's Policies and Procedures, Section II.E (Injunctions):** I am aware that Judge Pappert's Policies and Procedures provide that he will "promptly list any request for a temporary restraining order or a preliminary injunction assigned to him." I respectfully request that the Court list this Emergency Motion at the earliest practicable opportunity, consistent with the urgency of the circumstances set forth in the accompanying papers.

27. **CM/ECF Filing:** I do not yet have CM/ECF filing privileges in this Court. The Emergency Motion and all supporting papers have been filed via the Court's electronic submission portal available to pro se litigants, and copies have been transmitted by email to Defendants and the recipients identified in Paragraph 7 above, as documented in this Declaration and the Certificates of Service appended to each filed document.

## VI. Defendants' Complete Non-Engagement Despite Extensive Notice

28. Despite the extensive notice efforts documented above, and despite the approximately forty (40) prior written communications documented in the Williams Declaration, **not a single Defendant, attorney, or representative has responded to any communication, acknowledged receipt of any filing, indicated any intention to participate in any hearing, or engaged with the substance of this dispute in any manner.**

29. The pattern of non-engagement is consistent across all channels and all recipients. Of particular significance:

   (a) Attorneys at Stradley Ronon Stevens & Young LLP, who actively represent Connectify, Inc. in related proceedings before this very Court, received all six (6) email communications and did not respond to any of them;

(b) Attorneys at TLG Attorneys, who also represent Connectify, Inc. in related proceedings before this Court, received all six (6) email communications and did not respond;

(c) Defendants' own identified counsel, Mr. Lance Ashery (AsheryESQ@gmail.com and lashery@connectify.me), was separately served on four (4) occasions between January 31 and February 9, 2026, in addition to the six (6) communications documented herein, and did not respond;

(d) Defendant Alexander C. Gizis, CEO of Connectify, Inc., received all communications at agizis@connectify.me and did not respond; and

(e) No email was returned as undeliverable, no delivery failure was reported, and no auto-reply or out-of-office message was received from any recipient.

30. I submit that Defendants' silence in the face of this extensive notice—across six separate communications from February 6 through February 10, 2026, to twelve recipients, following approximately forty prior communications over two weeks—constitutes a deliberate choice not to engage, and is in no way attributable to any deficiency in the notice provided.

## VII. Conclusion

31. For the reasons set forth above, I respectfully certify that I have made diligent, good-faith efforts to provide Defendants and their counsel with notice of this Emergency Motion for Temporary Restraining Order and Preliminary Injunction, in full compliance with Federal Rule of Civil Procedure 65(b), the Local Civil Rules of this Court, and Judge Pappert's Policies and Procedures. The notice provided has been extensive, multi-channel, and directed to the most reliable recipients available—including attorneys actively representing Defendants in this very courthouse.

32. I am not seeking *ex parte* relief. I request that Defendants be given the opportunity to appear and respond before or at the TRO hearing. However, if Defendants fail to appear or

respond—consistent with their established pattern of non-engagement with legal process across multiple jurisdictions—I respectfully request that the Court enter the TRO on the basis of this Declaration and the accompanying submissions, as permitted by Rule 65(b)(1) where the movant certifies in writing the efforts made to give notice and the reasons why notice should not be required.

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. I have personal knowledge of the facts stated herein. Where statements are made on information and belief, I have identified them as such and have stated the basis for my information and belief.

Executed on February 10, 2026, in Puerto Escondido, Oaxaca, Mexico.

MICHAEL WILLIAMS, Pro Se
Suite 1524, 50-58 Macleay Street
Elizabeth Bay NSW 2011
Australia
Telephone: +1 701 484 1337
Email: Michael.Williams@glexia.com

/s/*Michael Williams*

Michael Williams

February 10, 2026

## CERTIFICATE OF SERVICE

I, Michael Williams, hereby certify that on February 10, 2026, a true and correct copy of the foregoing Declaration and exhibits was served by email on the following recipients (including Defendants and their identified/known counsel):

**Connectify, Inc.**

Attn: Alexander C. Gizis, Chief Executive Officer

601 Spring Garden Street, 3rd Floor

Philadelphia, PA 19123

cbiemiller@tlgattorneys.com, dscott@stradley.com, skats@stradley.com,

pkingsley@stradley.com, pforet@stradley.com, kcasey@stradley.com,

uspto@connectify.me, kamran.emdadi@gmail.com, support@speedify.com,

agizis@connectify.me, AsheryESQ@gmail.com, lashery@connectify.me

**Alexander C. Gizis**

430 Pine Street

Philadelphia, PA 19106

agizis@connectify.me

MICHAEL WILLIAMS, Pro Se
Suite 1524, 50-58 Macleay Street
Elizabeth Bay NSW 2011
Australia
Telephone: +1 701 484 1337
Email: Michael.Williams@glexia.com

/s/*Michael Williams*

Michael Williams