UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL WILLIAMS,
  Plaintiff,

v.

CONNECTIFY, INC. et al.,
  Defendants.

# EXHIBIT H

## Formal Demand Letters and Legal Notices

Seven formal demand letters and legal notices sent to Connectify/Speedify and associated parties between January 26, 2026 and February 6, 2026, including:
(1) Formal Notice of Dispute, Invoice #502472 (Jan 26, 00:24 UTC)
(2) Litigation Hold / Spoliation Notice (Jan 27, 19:14 UTC)
(3) UK/Switzerland/Estonia Pre-Action Notice (Jan 30, 17:14 UTC)
(4) Urgent Demand: Restore Router Service Within 2 Hours (Feb 1, 22:41 UTC)
(5) Urgent Demand: Immediate Restoration of Router Service (Feb 2, 21:15 UTC)
(6) Final Demand and Notice of Bad-Faith Non-Engagement (Feb 2, 22:30 UTC)
(7) UK Notice of Intended Proceedings (Feb 6, 23:24 UTC)

*Authenticated per FRE 901(b)(1) as emails sent by Declarant.*

*Filed in Support of Declaration of Michael Williams*
*in Support of Emergency Motion for Temporary Restraining Order*

| From: | Michael Williams &Lt;Michael.Williams@glexia.com&gt; |
| --- | --- |
| To: | "Vojislav H." &lt;support@speedify.com&gt;, sales@speedify.com, privacy@speedify.com |
| Date: | Mon, 26 Jan 2026 00:24:10 +0000 |
| Subject: | FORMAL NOTICE OF DISPUTE – SPEEDIFY "PRO ROUTER YEARLY 3000GB" SUBSCRIPTION    INVOICE #502472 | SUPPORT TIC |

WITHOUT PREJUDICE SAVE AS TO COSTS

(SECTION 10 "PRESERVATION NOTICE" IS OPEN / NOT WITHOUT PREJUDICE)

25 January 2026

BY EMAIL: support@speedify.com ; sales@speedify.com ; privacy@speedify.com

AND BY POST/COURIER:

Connectify, Inc. (trading as "Speedify")

Attn: Legal Department

601 Spring Garden St, 3rd Floor

Philadelphia, PA 19123

United States

Dear Sir/Madam,

RE: FORMAL NOTICE OF DISPUTE – SPEEDIFY "PRO ROUTER YEARLY 3000GB" SUBSCRIPTION

INVOICE #502472 | SUPPORT TICKET #676251

NOTICE OF INTENDED PROCEEDINGS (AUSTRALIA) AND PRESERVATION OF EVIDENCE

1.  PARTIES

1.1 I am Michael B. Williams of [REDACTED]                                         , Australia ("Consumer").

1.2 Your entity is Connectify, Inc. trading as "Speedify" ("Connectify/Speedify").

1.3 My Speedify account email: Michael.Williams@glexia.com

Invoice / Order ID: Invoice #502472

Support Ticket: #676251 (and Helpscout reference {#HS:3209094917-676350#})

Purchase date: 25 January 2026

Amount paid/charged: 450.00 (paid via PayPal; currency as charged by PayPal/processor) (among other payments for your services, some of which have been refunded).

Plan: Speedify Pro Router Yearly 3000GB Subscription ("Speedify for Routers")

Platform used: Direct purchase via Speedify/Connectify online checkout (not Apple App Store / Google Play)

2.  PURPOSE AND REPRESENTATIONS RELIED UPON

2.1 I purchased Speedify for the purpose of bonding multiple WAN connections on a router (including Starlink and other WAN links) to achieve:

(a) genuine redundancy/failover (so that instability on one WAN does not interrupt connectivity);

(b) stable business communications (Teams/VoIP/video calls) and reliable internet for work; and

(c) improved throughput/connection stability when multiple WANs are available.

2.2 I relied on representations and conduct including (non■exhaustive):

(a) representations that Speedify can combine/bond multiple internet connections to improve speed and/or reliability and reduce interruptions;

(b) representations (express and implied) that "Redundant" mode maintains continuity by using remaining stable connections when one connection drops/flaps; and

(c) representations as to refund/cancellation rights, including a 30■day money-back guarantee / refund policy (together, the "Representations").

3.  SUMMARY OF ISSUES

3.1 Critical failure of core purpose (bonding/failover does not work as represented):

(a) In real■world multi■WAN operation, when any one WAN connection flaps / experiences brief packet loss (Starlink being the obvious example), Speedify drops the entire tunnel across ALL connections, including links that remain stable.

(b) This is the opposite of redundancy. It causes repeated outages/reconnects and business disruption (including dropped work calls), and renders the service unfit for the purpose for which it was purchased.

(c) In practice, bypassing Speedify entirely (directly using a single WAN) has been more stable than running Speedify in redundant mode.

3.2 Context / environment (as documented in my communications with your support):

(a) Router platform: Miri / "Powered by Speedify" router environment (including X510 reference in your correspondence).

(b) Multi■WAN environment including multiple Starlink connections and other WAN links.

(c) I provided the details you requested, including WAN speed confirmation and troubleshooting context, yet the core defect remains.

3.3 Support and complaint handling:

(a) I reported this defect to you and requested meaningful technical assistance and/or remedy.

(b) Responses have not resolved the issue and have not provided a substantive fix or escalation outcome.

3.4 Billing/licensing concerns:

(a) The Router plan packaging/licensing is confusing (including the separation between router licensing and "normal" plans), and in the circumstances of a non■functioning core feature, appears to operate as an unfair or misleading upsell rather than clear, honest product packaging.

3.5 Public complaints (online reviews) indicating foreseeability/notice:

(a) Public reviews for Speedify (including on Trustpilot) include repeated allegations consistent with my experience, including: the service slowing down connections; difficulty cancelling/obtaining refunds; continued charges after cancellation; and non■responsive or unhelpful support.

(b) These publicly reported complaints are relevant to whether you were on notice of systemic issues and whether your Representations to consumers were misleading.

4.  LEGAL BASIS (AUSTRALIA) – NON■EXHAUSTIVE

4.1 This letter is not a complete statement of my case. However, based on the matters above, I contend you have engaged in conduct and/or supplied services giving rise to causes of action and statutory breaches including (without limitation):

(a) misleading or deceptive conduct (Australian Consumer Law ("ACL") s 18);

(b) false or misleading representations about services, performance, refunds, and rights/remedies (ACL s 29);

(c) breaches of consumer guarantees for services, including due care and skill and fitness for purpose (ACL ss 60–62);

(d) unfair contract terms / unfair practices (including potentially ACL ss 23–28 and related provisions, depending on the terms relied upon);

(e) breach of contract;

(f) negligence / negligent misstatement; and

(g) unjust enrichment / money had and received, for monies retained where there has been a failure of consideration.

4.2 To the extent you rely on any term purporting to exclude or limit liability or restrict remedies, I put you on notice that consumer guarantees and statutory remedies under the ACL cannot be excluded in the manner commonly attempted in standard form consumer terms.

4.3 If evidence supports that any relevant Representations were made knowingly false, recklessly, or without reasonable grounds, I reserve the right to plead fraudulent misrepresentation and seek all available relief.

6.  DEADLINE AND NEXT STEPS

6.1 Unless this dispute is resolved to my satisfaction within 14 days of the date of this letter (i.e., by 8 February 2026 ), I am instructed to commence proceedings without further notice.

6.2 Proceedings are intended to be commenced in Australia. I will seek orders including (as applicable): refund(s), damages/compensation, interest, costs, and any other relief the court/tribunal considers appropriate.

7.  GOOD FAITH / ADR

7.1 This letter is sent as a genuine attempt to resolve the dispute prior to litigation. I remain willing to consider reasonable proposals for resolution, including written negotiation or mediation, provided your response is prompt and substantive.

8.  NOTICE TO DIRECT COMMUNICATIONS

8.1 All communications should be directed to:

Name: Michael B. Williams

Email: Michael.Williams@glexia.com

Phone (AU): +61 1800 931 724 / +61 3 8594 2265

Phone (US): +1 978 477 6797 / +1 800 675 0297 x101

Postal address: [REDACTED]                                                    , Australia

8.2 If you have lawyers instructed, please have them contact me directly.

9.  INFORMATION AND DOCUMENTS REQUESTED (PRE■ACTION)

9.1 Please provide within 14 days:

(a) complete billing history for my account (dates, amounts, currency, payment processor, transaction IDs);

(b) account/subscription status history (creation, renewals, cancellations, plan changes);

(c) cancellation and refund audit trail (time/date, method used, system logs confirming cancellation actions);

(d) refund decision record(s), including internal notes and policy basis relied upon;

(e) copies of all support tickets, chat logs, email correspondence and internal notes concerning my account (including Ticket #676251 and related internal records); and

(f) any technical logs you hold relating to my account and the performance issues complained of (including tunnel/session logs, failover events, server selection, error logs, diagnostics, and any relevant device identifiers).

10. PRESERVATION NOTICE / LITIGATION HOLD (OPEN – NOT WITHOUT PREJUDICE)

10.1 You are now on notice that litigation is reasonably contemplated. You must immediately take all steps necessary to preserve all documents and electronically stored information ("ESI") that may be relevant to this dispute and the anticipated proceedings.

10.2 This obligation extends to all data in the possession, custody or control of Connectify, including data held by your officers, employees, contractors, agents and third■party service providers (including, without limitation, payment processors and any ticketing/support platforms).

10.3 Without limitation, you must preserve:

(a) all records relating to my account and transactions (billing, renewals, cancellation, refunds, disputes);

(b) all customer support records (tickets, emails, chat transcripts, internal notes, escalations, QA reviews);

(c) all marketing materials and representations relevant to performance, bonding/speed claims, reliability/failover, "money■back guarantee", and cancellation/refund processes, including all versions over time (web pages, app listings, in■app screens, checkout flows);

(d) all internal policies, training, scripts and decision trees relating to refunds, cancellations, renewals, retention, and complaint handling;

(e) all technical records relevant to service performance (server/client logs, session stability, failover events, throughput/latency/packet loss metrics, crash reports, error logs);

(f) records evidencing your knowledge of consumer complaints or systemic issues relevant to bonding/redundant mode/failover;

(g) all internal communications relevant to the above (email, Slack/Teams/Discord, Jira/GitHub, meeting notes); and

(h) all metadata/audit trails showing creation/modification/access/deletion of relevant materials.

10.4 You must immediately suspend any routine deletion, log rotation, retention limits, auto■purge settings, ephemeral messaging deletion, and any other process that could destroy relevant information. If any relevant information has already been deleted, you must identify what was deleted, when, how, and by whom, and what steps (if any) have been taken to recover it.

10.5 Please provide written confirmation within 7 days (by 1 February 2026 ) that:

(a) a litigation hold has been issued to relevant custodians;

(b) deletion/rotation policies have been suspended for relevant data; and

(c) relevant materials will be preserved until final resolution of this dispute and any proceedings.

11. RESERVATION OF RIGHTS

11.1 All rights are reserved. Nothing in this letter is a waiver of any rights, remedies, or causes of action.

Yours faithfully,

Michael B. Williams

25 January 2026

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                    )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

| From: | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
|---|---|
| To: | uspto@connectify.me, kamran.emdadi@gmail.com, "Vojislav H." &lt;support@speedify.com&gt;, agizis@connectify.me |
| Date: | Tue, 27 Jan 2026 19:14:00 +0000 |
| Subject: | Notice of Anticipated U.S. District Court Litigation &amp; Demand to Preserve All Documents and ESI (Litigation Hold / Spoliation Notice) |

27 January 2025

*VIA EMAIL:*

uspto@connectify.me

kamran.emdadi@gmail.com

support@speedify.com

agizis@connectify.me

*To:* Connectify, Inc.

*Attn:* Kamran Emdadi and Legal Department

*Re:* Formal Notice of Anticipated U.S. District Court Litigation; Immediate Preservation Demand for All Documents and Electronically Stored Information (ESI)

Dear Mr. Emdadi and Counsel:

This letter serves as *formal notice* that Michael Williams is preparing to file a *civil action in United States District Court* arising from the matters previously identified, including conduct relating to the procurement, ownership, validity, and enforcement of the *CONNECTIFY / SPEEDIFY / PINGIFY* trademark registrations and the patent applications/patents listed in our prior correspondence, as well as related acts and omissions.

Because *litigation is reasonably anticipated* , you and Connectify, Inc. (including your officers, directors, employees, agents, affiliates, and any third parties acting on your behalf) have an *immediate duty to preserve* all potentially relevant documents and *electronically stored information ("ESI")*. This letter constitutes a *litigation hold demand* and a *spoliation notice*.

----------------------------------------
*1) Immediate Litigation Hold Required*

--------------------------------------

Effective immediately, you must:
*

*Issue a written litigation hold* to all potentially relevant custodians.
*

*Suspend all deletion, overwriting, rotation, and auto-purge policies* that could affect relevant data (including email retention, chat retention, device wiping, backup rotation, log retention, and "ephemeral message" settings).
*

*Preserve metadata* and original file structures (do not "clean," "dedupe," or "re-save" in ways that alter timestamps, authorship, or version history).
*

Take reasonable steps to ensure preservation by any relevant vendors or third parties under your control (cloud providers, hosting providers, eDiscovery vendors, contractors, etc.).

----------------------------------------------
*2) Scope of ESI to Preserve (Non-Exhaustive)*

----------------------------------------------

You must preserve *all documents and ESI* that may relate in any way to the trademarks and patents at issue, ownership/chain-of-title, intent-to-use/use in commerce, prosecution activities, enforcement strategy, and communications about any of the foregoing. This includes, without limitation:

*A. Communications*

-------------------
*

*Email* (including attachments, drafts, deleted items, archives, shared mailboxes, and webmail).
*

*Messaging and collaboration platforms* : Slack, Microsoft Teams, Google Chat, Discord, Skype, Zoom chat, and similar tools.
*

*Texts and mobile messaging* : SMS/MMS, iMessage, WhatsApp, Telegram, Signal, WeChat, etc.
*

*Social media DMs* and account messages.
*

*Call logs, voicemails* , and meeting recordings/transcripts, where available.

*B. Files and Cloud Repositories*

---------------------------------
*

Local files on *laptops/desktops* , network drives, external drives, NAS devices.
*

*Cloud storage* : Google Drive, OneDrive, Dropbox, Box, iCloud Drive, etc. (including version history).
*

Document systems: Notion, Confluence, SharePoint, Airtable, etc.

*C. Development / Technical Records*

-----------------------------------
*

*Source code repositories* and related tooling: GitHub/GitLab/Bitbucket (including branches, issues, PRs, commit history, tags/releases).

*

Issue trackers and project management: Jira, Linear, Trello, Asana, etc.

*

Build/deployment systems and artifacts: CI/CD logs, release pipelines, binaries, container registries, package registries.

*

Technical specs, architecture docs, design docs, diagrams, test plans, QA results, bug reports.

*D. Website / Marketing / Sales / Product Evidence*

---------------------------------------------------

*

Website content and history, landing pages, blog posts, press releases, FAQs, documentation pages.

*

*Analytics/marketing records* : ad campaigns, keyword buys, social posts, newsletters.

*

Product naming discussions, branding guidelines, trademark clearance discussions.

*

Sales records, invoices, customer communications, app store listings and historical versions.

*E. Ownership / Corporate / Assignment Records*

-----------------------------------------------

*

*Trademark and patent chain-of-title* materials: assignments, licenses, term sheets, NDAs, invention assignment agreements, employment agreements, contractor agreements.

*

Board minutes, cap table summaries relevant to IP ownership, corporate formation documents, and internal approvals.

*

Any communications or documents reflecting *who owned what and when* , including transfers of IP rights.

*F. USPTO and Related Prosecution/Enforcement Materials*

--------------------------------------------------------

*

All trademark and patent prosecution files, drafts, filings, supporting exhibits/specimens, declarations, correspondence with counsel, and communications with the USPTO.

*

Any internal discussions about filing strategy, intent-to-use, claimed use dates, specimen creation/selection, and enforcement strategy.

*G. Devices, Accounts, Backups, Logs*

-------------------------------------

*

Relevant *mobile devices* , laptops, desktops, and any device used to communicate about or work on these matters.

*

System and application logs (authentication logs, access logs, audit logs, server logs), to the extent relevant.

*

Backups and snapshots where relevant data exists (do not overwrite or rotate out backups containing relevant data without preservation steps).

This list is *not exhaustive*. If there is any doubt whether information may be relevant, *preserve it*.

----------------------------------------------------------------------

*3) Preservation Must Include Deleted/Archived Data Where Recoverable*

----------------------------------------------------------------------

You must preserve and avoid actions that would destroy data that is *recoverable* , including but not limited to: deleted emails/items still within retention windows, archive mailboxes, "recently deleted" folders, cloud version history, device backups, and retained logs.

--------------------------

*4) Confirmation Required*

--------------------------

Please confirm in writing no later than 31 January 2025 t hat :

*

a litigation hold has been issued to relevant custodians;

\*

deletion/auto-purge policies have been suspended for potentially relevant sources;

\*

you will preserve the categories of documents and ESI described above; and

\*

you have designated a point of contact for preservation and coordination \*\*

--------------------------------------
\*5) No Waiver / Reservation of Rights\*

--------------------------------------

This letter is sent without prejudice and with full reservation of all rights and remedies. Nothing herein is a complete statement of Michael Williams' claims or evidence, and we expressly reserve the right to supplement this notice.

Sincerely,

Michael Williams

\*Michael B. Williams\*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                                    )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

| | |
|---|---|
| **From:** | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
| **To:** | agizis@connectify.me, Brian Prodoehl &lt;support@speedify.com&gt;, uspto@connectify.me, kamran.emdadi@gmail.com |
| **Date:** | Fri, 30 Jan 2026 17:14:32 +0000 |
| **Subject:** | FORMAL PRE■ACTION NOTICE (14■DAY NOTICE) – Intended Proceedings in the United Kingdom, Switzerland &amp; Estonia – Spee |

Date: \*30 January 2026\*

From:

\*Michael B. Williams\* (on behalf of Mr Williams and the Kaddex & Glexia group entities listed in Schedule 1)

\*WITHOUT PREJUDICE SAVE AS TO COSTS – FORMAL PRE■ACTION NOTICE / LETTER BEFORE ACTION\*

\*VIA EMAIL – SERVICE BY ELECTRONIC MEANS\*

Dear Sirs,

--------------------------------------------------
\*1) Purpose of this email and the 14■day deadline\*

--------------------------------------------------

This email serves as a \*formal notice\* that \*Mr Michael Brian Williams\* and his local business entities (including \*Kaddex\* and \*Glexia\* entities) are \*initiating proceedings\* in:

\*

\*the United Kingdom (England & Wales)\* ,

\*

\*Switzerland\* , and

\*

\*Estonia\* ,

to recover \*damages and associated relief\* arising from acts and omissions attributable to \*Speedify / Connectify\* (including persons acting on your behalf and/or under your direction) that have caused substantial harm to Mr Williams' businesses and operations in those jurisdictions.

Unless a \*global settlement agreement\* is reached within \*14 days\* , we are instructed to file and/or commence the above proceedings \*without further notice\*.

*Deadline:* You must provide a meaningful written proposal for a global settlement *no later than 17:00 (London time) on Friday , 13 February 2026*.

This correspondence is sent *WITHOUT PREJUDICE SAVE AS TO COSTS*. If proceedings are issued, *we reserve the right to adduce this email on the question of costs* , including but not limited to: (i) demonstrating reasonableness and compliance with pre■action conduct, and (ii) seeking enhanced / indemnity costs where available.

------------
*2) Parties*

------------

*2.1 Claimants / affected local entities*

-----------------------------------------

Mr Williams will pursue claims on behalf of himself and the relevant local entities set out in *Schedule 1* (including the entities operating or domiciled in *the UK, Switzerland and Estonia* ). For convenience and clarity, we refer to these collectively as the *"Williams Parties"*.

*2.2 Proposed defendants / respondents*

--------------------------------------

This notice is directed to *Connectify, Inc. (d/b/a Speedify, Inc.)* , Alex Gizis , its officers, employees, agents, representatives, and any third parties acting in concert with them. This includes, without limitation, those addressed on this email thread and those responsible for the relevant conduct described below.

For the avoidance of doubt, we will name as defendants/respondents such persons and entities as are identified through further investigation and disclosure, including via court■ordered disclosure where appropriate.

------------------------------------
*3) Summary of dispute (high level)*

------------------------------------

Your conduct has caused (and continues to cause) *serious operational and commercial harm* to Mr Williams' businesses and local entities, including but not limited to:

*

*Service disruption / instability* and downstream business impacts associated with Speedify's conduct and/or the way Speedify has handled the commercial relationship and related representations;

*

*Targeted interference* with business operations and commercial relationships affecting the Williams Parties' ability to trade, onboard customers, maintain services, and protect goodwill;

*

*Escalation and cross■border threats / pressure tactics* (including the use of official channels and third■party processes) that have created measurable losses and have compelled significant mitigation expenditure; and

*

*Ongoing reputational and economic harm* in the UK, Switzerland and Estonia, where the Williams Parties have local entities, customers, or operational footprints.

This letter is not intended to be a complete recital of facts. It provides sufficient notice of the nature of the claims and the action we will take if this dispute is not resolved globally within the stated timeframe.

-------------------------------------------------------------
*4) Intended proceedings and nature of claims by jurisdiction*

-------------------------------------------------------------

We are preparing *civil proceedings* seeking damages, injunctive relief (where applicable), and costs. The precise causes of action will be particularised in pleadings; however, they will include claims of the following nature (as applicable in each jurisdiction):

*4.1 United Kingdom (England & Wales)*

--------------------------------------

Proceedings are intended in England & Wales (including, if appropriate, the Business and Property Courts and/or an appropriate IP / commercial forum) for relief including damages and costs, arising from conduct impacting the Williams Parties' UK■connected operations, goodwill, and commercial interests.

Claims will include (as applicable) causes of action such as:

*

unlawful interference with business and/or economic interests;

*

misrepresentation and/or other actionable wrongdoing causing loss;

*

unfair competition / passing off■type harm (as relevant to brand/goodwill impacts and market confusion); and

*

any other available relief supported by the evidence, including injunctions where necessary.

*4.2 Switzerland*

----------------

Proceedings are intended in Switzerland in connection with harm to Swiss■connected operations and entities (including the *KaddexDAO Association* as set out in Schedule 1), including damages and cost recovery.

Claims will include (as applicable) causes of action such as:

*

unfair competition / misleading commercial conduct;

*

unlawful interference and resulting economic losses;

*

reputational harm and associated damages; and

*

ancillary relief and court costs as available under Swiss procedure.

*4.3 Estonia*

-------------

Proceedings are intended in Estonia in connection with harm to Estonian entities and operations (including *Glexia OÜ* and *Kaddex OÜ* as set out in Schedule 1), including damages, interest, and cost recovery.

Claims will include (as applicable) causes of action such as:

*

unlawful interference with commercial operations and contractual relations;

*

misrepresentation / unlawful commercial conduct;

*

business disruption and damages; and

*

interim and final relief available under Estonian law (including disclosure and cost recovery mechanisms).

------------------------------
*5) Losses and relief sought*
------------------------------

We will be seeking full compensation for losses suffered by the Williams Parties, including (without limitation):

*

*Direct financial losses* attributable to disruption and forced remediation;

*

*Lost revenue and lost opportunities* , including aborted client engagements, delayed deployments, and cancelled/paused services;

*

*Operational costs* incurred responding to and mitigating Speedify■related disruption and fallout (engineering time, third■party tooling, replacement services, incident response and rebuild work);

*

*Reputational damage* and loss of goodwill in each relevant market;

*

*Legal and professional costs* , including costs incurred to address and defend against escalatory conduct and to prepare multi■jurisdiction proceedings;

*

*Interest* (statutory and/or contractual where applicable); and

*

*Court costs* and any enhanced cost orders available where a party acts unreasonably or refuses reasonable settlement.

We will also seek (where appropriate):

*

*Injunctive / prohibitory relief* to restrain continuing harmful conduct;

*

*Corrective steps* (including retractions, corrections, and/or undertakings); and

\*

\*Disclosure\* (including targeted disclosure orders) to identify the full scope of relevant activity, communications, third■party contacts, and decision■makers.

-------------------------------------------------------------------------

\*6) Settlement: clear opportunity to resolve this globally (within 14 days)\*

-------------------------------------------------------------------------

Notwithstanding the seriousness of the matter, the Williams Parties remain willing to resolve this \*commercially and globally\* to avoid multi■jurisdiction litigation.

To that end, we invite \*a global settlement agreement\* that includes, at a minimum, the following elements:

\*6.1 Standstill / immediate undertakings (effective immediately)\*

----------------------------------------------------------------

\*

Immediate cessation of any conduct that interferes with, disrupts, or undermines the Williams Parties' operations and goodwill;

\*

Written confirmation that no further third■party escalation or process abuse will be pursued in relation to the matters in dispute while settlement discussions are ongoing; and

\*

Preservation of the status quo pending settlement (a short standstill is reasonable and proportionate).

\*6.2 Financial resolution\*

-------------------------

\*

Payment of \*damages and contribution to costs\* (to be agreed), reflecting the harm caused to the Williams Parties' local entities (UK/Switzerland/Estonia) and the broader group;

\*

Payment timeframe and method to be agreed, with enforceable settlement terms.

\*6.3 Mutual releases / finality\*

--------------------------------

\*

A comprehensive mutual release and covenant not to sue in relation to the relevant matters, with appropriate carve■outs (e.g., fraud or deliberate concealment if discovered later);

\*

No admission of liability (if that is important to you), provided the commercial and operational outcomes are implemented in full.

\*6.4 Confidentiality and non■disparagement\*

-------------------------------------------

\*

Mutual confidentiality (subject to legal/regulatory exceptions) and non■disparagement, enforceable across jurisdictions.

If you are willing to explore settlement, you should confirm immediately (and in any event within 48 hours) who has authority to negotiate and sign a global settlement on behalf of Connectify/Speedify.

-------------------------------------------------------------

\*7) Required immediate actions: litigation hold / preservation\*

-------------------------------------------------------------

You are now \*on notice\* of contemplated litigation in multiple jurisdictions. You must therefore immediately implement a \*litigation hold\* and preserve all potentially relevant materials, including but not limited to:

\*

internal emails, tickets, and chat logs (Slack, Teams, etc.);

\*

communications with any third parties (registrars, hosts, app stores, platforms, counsel, consultants, investigators, etc.);

\*

account logs, service logs, monitoring data, telemetry, and diagnostic records;

\*

marketing claims, product representations, and related substantiation;

\*

any documents relating to decisions made concerning Mr Williams, Kaddex, Glexia, and associated brands or services; and

\*

any deletion policies, retention schedules, or device wipes relating to personnel involved.

If you fail to preserve evidence, we will seek all procedural remedies available (including adverse inferences and costs orders).

---------------------------------------------------------------------------------------------------------------

*8) What we require from you by 13 February 2026* By *17:00 (London time) on Friday , 13 February 2026* , you must provide:

---------------------------------------------------------------------------------------------------------------

\*

a written confirmation that you will engage in global settlement discussions in good faith;

\*

your proposed global settlement terms (including damages/costs position and non■financial undertakings); and

\*

confirmation of the identity and contact details of your instructed legal representatives (if any) and the person authorised to sign a settlement agreement.

If you fail to do so, we will proceed to issue claims and commence proceedings in the UK, Switzerland, and Estonia as described.

-------------------------

*9) Reservation of rights*

-------------------------

Nothing in this email is a waiver of any rights, remedies, causes of action, or claims (whether known or unknown). The Williams Parties expressly reserve the right to:

\*

commence proceedings sooner if necessary to protect assets, evidence, or prevent further harm;

\*

seek interim relief where warranted;

\*

pursue parallel or additional actions in other jurisdictions if further facts emerge; and

\*

rely on this correspondence on the issue of costs.

***********************************************************************

*Schedule 1 – Williams Parties / relevant entities (Kaddex & Glexia)*

***********************************************************************

*A. Individual*

*Mr Michael Brian Williams*

Suite 1524, 50–58 MacLeay Street, Elizabeth Bay NSW 2011, Australia

Email: michael.williams@glexia.com

*B. Glexia entities*

*Glexia, Inc.*

268 Bush Street, Unit 4101, San Francisco, CA 94104, USA

*Glexia Pty Ltd*

Suite 1515, 50–58 MacLeay Street, Elizabeth Bay NSW 2011, Australia

*Glexia OÜ* (Estonia)

Registry code: *16457569*

Sepapaja in 6, 15551, Tallinn, Harju maakond , Estonia

*Glexia Ltd* (England & Wales)

Company number: *13986078*

Rgistered office: House/Lytchett House 13 Freeland Park, Wareham Road, Poole, Dorset, BH16 6FA, United Kingdom

*C. Kaddex entities*

6) *KADDEX, LLC* (USA)

Suite 201, 651 N Broad Street, Middletown, DE 19709, USA

*KADDEX Pty Ltd* (Australia)

Suite 1524, 50–58 MacLeay Street, Elizabeth Bay NSW 2011, Australia

*Kaddex OÜ* (Estonia)

Registry code: *16385120*

Sepapaja in 6, 15551, Tallinn, Harju maakond , Estonia

*KADDEX Ltd* (England & Wales)

Company number: *13986043*

Last known registered office: Lytchett House 13 Freeland Park, Wareham Road, Poole, Dorset, BH16 6FA, United Kingdom

*KaddexDAO Association* (Switzerland)

UID: *CHE■368.362.216*

If you would like to avoid immediate litigation filings, you should treat this email with urgency and respond with settlement authority and proposals well before the deadline.

Yours faithfully,

*Michael B. Williams*

(on behalf of Mr Williams and the Kaddex & Glexia entities listed in Schedule 1)

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                    )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:

The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

---

| From: | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
|---|---|
| To: | agizis@connectify.me, Brian Prodoehl &lt;support@speedify.com&gt;, uspto@connectify.me, kamran.emdadi@gmail.com |
| Date: | Mon, 02 Feb 2026 21:15:44 +0000 |
| Subject: | Re: URGENT - RESPONSE REQUIRED IN NEXT TWO (2) HOURS - IMMEDIATE RESTORATION OF ROUTER SERVICE (SPEEDIFY F |

Team -

This remains unresolved. Please confirm if you have taken any action to restore access to the router service or if you intend to do so. We are prepared to proceed with legal action if there is no immediate update.

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                    )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

On Fri, Jan 30, 2026 at 9:20 AM, Michael Williams < Michael.Williams@glexia.com > wrote:

>
> Team -
>
>
>
> Following up again on this, have you made any progress or commitment to
> unblock our router?
>

>
>
> We will be filing in the Supreme Court of New South Wales Australia
> shortly.
>
>
>
>
>
>
>
> *Michael B. Williams*
> Glexia - An IT Company
>
>
>
> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>
>
>
> USA Direct: +1 978 477 6797
> USA Toll Free: +1 800 675 0297 x101
> AUS Direct: +61 3 8594 2265
> AUS Toll Free: +61 1800 931 724 x101
> Fax: +1.815-301-5570
>
>
>
> Michael.Williams@glexia.com
> Michael.Williams@secure.glexia.com (High-Security Correspondence)
> https://www.glexia.com/
>
>
> Legal Notice:
> The information in this electronic mail message is the sender's
> confidential business and may be legally privileged. It is intended solely
> for the addressee(s). Access to this internet electronic mail message by
> anyone else is unauthorized. If you are not the intended recipient, any
> disclosure, copying, distribution or any action taken or omitted to be
> taken in reliance on it is prohibited and may be unlawful.
>
>
>
>
>
> On Fri, Jan 30, 2026 at 01:38:16, Michael Williams < Michael.Williams@glexia.com
> > wrote:
>
>> Team -
>>
>>
>> Following up again to ensure you are actively correcting this. We are in
>> the final hours before filing.
>>
>>
>> Regards,
>>
>>
>> Michael Williams
>>
>>
>>
>>
>>
>>
>>

>> *Michael B. Williams*
>> Glexia - An IT Company
>>
>>
>>
>> Book a Meeting With Me ( [REDACTED] )
>>
>>
>>
>> USA Direct: +1 978 477 6797
>> USA Toll Free: +1 800 675 0297 x101
>> AUS Direct: +61 3 8594 2265
>> AUS Toll Free: +61 1800 931 724 x101
>> Fax: +1.815-301-5570
>>
>>
>>
>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>> ) (High-Security Correspondence)
>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>
>>
>> Legal Notice:
>> The information in this electronic mail message is the sender's
>> confidential business and may be legally privileged. It is intended solely
>> for the addressee(s). Access to this internet electronic mail message by
>> anyone else is unauthorized. If you are not the intended recipient, any
>> disclosure, copying, distribution or any action taken or omitted to be
>> taken in reliance on it is prohibited and may be unlawful.
>>
>>
>>
>>
>>
>> On Thu, Jan 29, 2026 at 13:43:04, Michael Williams < Michael. Williams@ glexia.
>> com ( Michael.Williams@glexia.com ) > wrote:
>>
>>> Team -
>>>
>>>
>>> Have you unsuspended the account and unblocked the router yet? If not we
>>> are in the process of filing for an emergency injunction in the next few
>>> hours.
>>>
>>>
>>>
>>> Regards,
>>>
>>>
>>>
>>> Michael Williams
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> *Michael B. Williams*
>>> Glexia - An IT Company
>>>
>>>
>>>
>>> Book a Meeting With Me ( [REDACTED] )
>>>
>>>
>>>

>>> USA Direct: +1 978 477 6797
>>> USA Toll Free: +1 800 675 0297 x101
>>> AUS Direct: +61 3 8594 2265
>>> AUS Toll Free: +61 1800 931 724 x101
>>> Fax: +1.815-301-5570
>>>
>>>
>>>
>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>> ) (High-Security Correspondence)
>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>
>>>
>>> Legal Notice:
>>> The information in this electronic mail message is the sender's
>>> confidential business and may be legally privileged. It is intended solely
>>> for the addressee(s). Access to this internet electronic mail message by
>>> anyone else is unauthorized. If you are not the intended recipient, any
>>> disclosure, copying, distribution or any action taken or omitted to be
>>> taken in reliance on it is prohibited and may be unlawful.
>>>
>>>
>>>
>>>
>>>
>>> On Wed, Jan 28, 2026 at 18:32:35, Michael Williams < Michael. Williams@ glexia.
>>> com ( Michael.Williams@glexia.com ) > wrote:
>>>
>>>> Michael Williams
>>>>
>>>> Suite 1524, 50-58 Macleay Street
>>>>
>>>> Elizabeth Bay NSW 2011  Australia
>>>>
>>>> [REDACTED]
>>>>
>>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>>>
>>>>
>>>>
>>>> 29 January 2026
>>>>
>>>>
>>>>
>>>> BY EMAIL AND INTERNATIONAL EXPRESS (AS APPLICABLE)
>>>>
>>>>
>>>>
>>>> Connectify, Inc. (trading as "Speedify")
>>>>
>>>> Attn: Legal Department / CEO
>>>>
>>>> 601 Spring Garden St, 3rd Floor
>>>>
>>>> Philadelphia, PA 19123  United States
>>>>
>>>>
>>>>
>>>> and
>>>>
>>>>
>>>>
>>>> Registered Address:
>>>>
>>>> Connectify, Inc.
>>>>
>>>> 251 Little Falls Drive
>>>>

>>>> Wilmington, DE 19808  United States

>>>>

>>>>

>>>>

>>>> and

>>>>

>>>>

>>>>

>>>> Mr Alexander C Gizis (CEO)

>>>>

>>>> 430 Pine St

>>>>

>>>> Philadelphia, PA 19106  United States

>>>>

>>>>

>>>>

>>>> Dear Sirs / Mr Gizis,

>>>>

>>>> **

>>>>

>>>> *RE: URGENT DEMAND – IMMEDIATE RESTORATION OF ROUTER SERVICE (SPEEDIFY FOR
>>>> ROUTERS) – NOTICE OF INTENDED EMERGENCY INJUNCTIVE RELIEF WITHOUT FURTHER
>>>> NOTICE*

>>>>

>>>>

>>>>

>>>> 1. I write regarding your disabling/termination of my ability to access
>>>> and use the Speedify service on my router / multi-WAN environment (the
>>>> Service), by revoking or otherwise interfering with the
>>>> licence/authentication and/or server access required for the router to
>>>> operate.

>>>>

>>>>

>>>>

>>>> 2. You are on notice that I require the Service for time-critical,
>>>> continuity-dependent connectivity, and that any outage causes immediate
>>>> and compounding harm. *Should you not respond to this demand and any
>>>> subsequent court orders we anticipate, we will file for emergency contempt
>>>> orders and will seek contempt orders and a warrant for your arrest without
>>>> further notice to you.*

>>>>

>>>>

>>>>

>>>> *3. DEMAND FOR IMMEDIATE RESTORATION*

>>>>

>>>> You are hereby required to do each of the following immediately:

>>>>

>>>>

>>>>

>>>> (a) Reinstate and restore my access to the Service on my router (including
>>>> reactivation/restoration of any router licence/authentication/entitlement
>>>> and server access required for operation in the router/multi-WAN
>>>> environment);

>>>>

>>>>

>>>>

>>>> (b) Confirm in writing (by return email) that the Service has been
>>>> restored and is functioning on my router; and

>>>>

>>>>

>>>>

>>>> (c) Confirm in writing that you will not suspend, terminate, disable,
>>>> "expire", or otherwise interfere with my ability to access and use the
>>>> Service again, including by account termination or plan deactivation,
>>>> without my express written consent or a court order.

>>>>

>>>>

>>>>

>>>> *4. DEADLINE*

>>>>
>>>> This is an urgent demand. If the Service is not fully restored and
>>>> confirmed in writing within TWO (2) HOURS of receipt of this letter (or,
>>>> in any event, no later than close of business today in Philadelphia), I
>>>> will treat that failure as a continuing refusal to supply/restore the
>>>> Service and will proceed as set out below.
>>>>
>>>>
>>>>
>>>> *5. NOTICE: EMERGENCY INJUNCTIVE RELIEF WITHOUT FURTHER NOTICE*
>>>>
>>>> If you do not immediately restore the Service as demanded above, I will
>>>> pursue emergency injunctive relief against Connectify, Inc. and Mr
>>>> Alexander C Gizis without further notice.
>>>>
>>>>
>>>>
>>>> This will include (without limitation) an urgent application for interim
>>>> (including, if necessary, ex parte) and interlocutory relief seeking:
>>>>
>>>> (a) a mandatory order compelling immediate reinstatement/restoration of my
>>>> access to the Service on my router; and
>>>>
>>>> (b) restraint orders preventing any further suspension, termination,
>>>> disabling, expiry, or interference pending the final determination of
>>>> proceedings or further order.
>>>>
>>>>
>>>>
>>>> *6. IRREPARABLE HARM AND ONGOING LOSSES EXCEEDING $100,000 PER DAY*
>>>>
>>>> Your continuing refusal/failure to restore service is causing harm at an
>>>> irreparable level that money will not compensate for, including loss of
>>>> continuity-dependent connectivity, disruption to time-critical
>>>> communications and operations, and the cascading consequences of a forced
>>>> outage in a travel/remote connectivity context.
>>>>
>>>>
>>>>
>>>> Further, and to the extent losses are quantifiable, I am incurring losses
>>>> exceeding $100,000 per day (USD), and those losses continue to accrue in
>>>> real time while service remains disabled. These losses include (without
>>>> limitation) business interruption, emergency mitigation and
>>>> replacement-connectivity costs, and the costs of forced operational
>>>> workarounds.
>>>>
>>>>
>>>>
>>>> Moreover, in the first 24 hours, my losses are projected to exceed
>>>> $240,000 due to major commitments.
>>>>
>>>>
>>>>
>>>> *7. COSTS AND LIABILITY*
>>>>
>>>> If court proceedings are required because you do not restore service
>>>> immediately, I will seek orders for costs and all further relief
>>>> available, including relief directed at the restoration and preservation
>>>> of service, and compensation for all reasonably foreseeable losses.
>>>>
>>>> **
>>>>
>>>> *8. PRESERVATION OF EVIDENCE*
>>>>
>>>> You are also directed to preserve all documents and data relating to my
>>>> account/service status and your actions, including (without limitation):
>>>>
>>>> (a) entitlement/licensing/authentication records and change logs;
>>>>

>>>> (b) internal account notes, flags, risk controls, and
>>>> suspension/termination triggers;
>>>>
>>>> (c) support tickets and communications (including all headers/metadata);
>>>>
>>>> (d) payment/refund records and the internal basis for any
>>>> cancellation/refund processing; and
>>>>
>>>> (e) any policy, ToS, or internal guidance relied upon to disable service.
>>>>
>>>>
>>>>
>>>> Please ensure preservation steps are taken immediately to avoid any
>>>> spoliation issues.
>>>>
>>>>
>>>>
>>>> *9. NO WAIVER*
>>>>
>>>> Nothing in this letter constitutes any waiver of rights or remedies. All
>>>> rights are expressly reserved.
>>>>
>>>>
>>>>
>>>> *10. REQUIRED RESPONSE*
>>>>
>>>> Please respond by return email confirming:
>>>>
>>>> (a) service has been fully restored to my router; and
>>>>
>>>> (b) you will not interfere with or disable service again absent my written
>>>> consent or a court order; and
>>>>
>>>> (c) the name, title, and direct contact details of the person responsible
>>>> for ensuring ongoing service continuity.
>>>>
>>>>
>>>>
>>>> Yours faithfully,
>>>>
>>>>
>>>>
>>>> Michael Williams
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>> *Michael B. Williams*
>>>> Glexia - An IT Company
>>>>
>>>>
>>>>
>>>> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>>>>
>>>>
>>>>
>>>> USA Direct: +1 978 477 6797
>>>> USA Toll Free: +1 800 675 0297 x101
>>>> AUS Direct: +61 3 8594 2265
>>>> AUS Toll Free: +61 1800 931 724 x101
>>>> Fax: +1.815-301-5570
>>>>
>>>>
>>>>
>>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )

>>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>>> ) (High-Security Correspondence)
>>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>>
>>>>
>>>> Legal Notice:
>>>> The information in this electronic mail message is the sender's
>>>> confidential business and may be legally privileged. It is intended solely
>>>> for the addressee(s). Access to this internet electronic mail message by
>>>> anyone else is unauthorized. If you are not the intended recipient, any
>>>> disclosure, copying, distribution or any action taken or omitted to be
>>>> taken in reliance on it is prohibited and may be unlawful.
>>>>
>>>
>>>
>>
>>
>
>
>
>

---

| | |
|---|---|
| **From:** | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
| **To:** | uspto@connectify.me, kamran.emdadi@gmail.com, Speedify Support &lt;support@speedify.com&gt;, agizis@connectify.me, AsheryESQ@ |
| **Date:** | Sun, 01 Feb 2026 22:41:43 +0000 |
| **Subject:** | Re: URGENT LEGAL NOTICE: Restore Speedify router access within 2 hours (E.D. Pa. TRO filing imminent) |

Dear Sirs,

Given your nonresponse and Mr Gizis' message to tell the Court to go "f- itself", we are in the process of submitting an emergency motion to the US District Court for the E.D. of PA.

We are requesting that the matter be heard tomorrow. Once the initiating documents are filed, I will send you a copy.

Regards,

Michael Williams

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED] )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

On Sun, Feb 01, 2026 at 13:31:42, Michael Williams < Michael.Williams@glexia.com > wrote:

>
> Dear Sirs,
>
>
>
> We will file shortly without further notice to you should you not respond
> to this email or our other communications.
>
>
>
> Regards,
>
>
>

> Michael Williams
>
>
>
>
>
>
> *Michael B. Williams*
> Glexia - An IT Company
>
>
>
> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>
>
>
> USA Direct: +1 978 477 6797
> USA Toll Free: +1 800 675 0297 x101
> AUS Direct: +61 3 8594 2265
> AUS Toll Free: +61 1800 931 724 x101
> Fax: +1.815-301-5570
>
>
>
> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
> ) (High-Security Correspondence)
> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>
>
> Legal Notice:
> The information in this electronic mail message is the sender's
> confidential business and may be legally privileged. It is intended solely
> for the addressee(s). Access to this internet electronic mail message by
> anyone else is unauthorized. If you are not the intended recipient, any
> disclosure, copying, distribution or any action taken or omitted to be
> taken in reliance on it is prohibited and may be unlawful.
>
>
>
>
>
> On Sun, Feb 01, 2026 at 10:01:38, Michael Williams < Michael. Williams@ glexia.
> com ( Michael.Williams@glexia.com ) > wrote:
>
>> *Without prejudice, Save as to Costs. All rights reserved. This
>> communication is for settlement purposes and is not a waiver of any rights
>> or claims.*
>>
>>
>>
>> To: Connectify/Speedify Support and Legal; Alexander C. Gizis
>>
>>
>>
>>
>>
>>
>>
>>
>> Mr Gizis and Connectify/Speedify Legal & Support Team,
>>
>>
>>
>>
>>
>>
>>

>>
>>
>> This email serves as a *formal notice and final demand*.
>>
>>
>>
>>
>>
>>
>>
>>
>> Unless *Speedify restores my router's ability to authenticate/use Speedify
>> ("Powered by Speedify" router access/entitlement)* within *two (2) hours* of
>> this email being sent (deadline: February 1, 2026 at 2pm US Eastern
>> Standard Time ** ), I will *immediately file* in the *United States
>> District Court for the Eastern District of Pennsylvania* seeking *emergency
>> injunctive relief (Temporary Restraining Order and Preliminary
>> Injunction)* under Federal Rule of Civil Procedure 65—without further
>> warning.
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> *Even if you restore service within the two-hour window, that does not
>> resolve the dispute.* I will still pursue *damages* in the same court
>> unless Connectify/Speedify *appropriately compensates* me for the harm
>> already caused and provides written assurances that my device will not be
>> disabled/blacklisted again.
>>
>>
>>
>>
>> ----------------------------------
>> *1) What you must do within 2
>> hours*
>>
>> ----------------------------------
>>
>>
>>
>> Within *two (2) hours* , you must:
>>
>>
>> *
>>
>> *Restore* my access to Speedify on my "Powered by Speedify" router by *reactivating
>> my paid router plan* and/or *restoring any
>> license/authentication/entitlement* required for the device to function
>> normally; and
>>
>>
>>
>> *
>>
>> Provide *written confirmation* (by reply email) that:
>>
>>
>>
>>
>> *
>>
>> my router/device *serial/entitlement is active* ,
>>

>>
>>
>> *
>>
>> it is *not blacklisted* or "dead" in your systems, and
>>
>>
>>
>> *
>>
>> Connectify/Speedify will *not suspend/terminate/disable* the router/device
>> entitlement again pending resolution (absent a court order or a clearly
>> stated, good-faith contractual basis supported by evidence); and
>>
>>
>>
>>
>>
>> *
>>
>> Provide a *brief written explanation* of:
>>
>>
>>
>>
>> *
>>
>> who authorized the deactivation(s),
>>
>>
>>
>> *
>>
>> the stated reason(s), and
>>
>>
>>
>> *
>>
>> what specific account/device flags were applied (including any
>> device-level deactivation/blacklisting status).
>>
>>
>>
>>
>>
>>
>>
>> If you contend you "refunded" the router plan and therefore believe
>> restoration is not possible, state that in writing immediately. *A refund
>> does not cure device impairment, device-level deactivation, or
>> blacklisting* —and it does not excuse disabling a device marketed as
>> "Powered by Speedify."
>>
>>
>>
>> ---------------
>> *2) Background*
>>
>> ---------------
>>
>>
>>
>> *
>>
>> I purchased a *"Powered by Speedify" multi-WAN bonding router* specifically

>> because its primary bonded/redundant functionality requires *active
>> Speedify router licensing/authentication*.
>>
>>
>>
>> *
>>
>> On or about *January 25, 2026* , I purchased and paid for a router
>> subscription described as *"Speedify Pro Router Yearly 3000GB
>> Subscription"* (USD *$450* via PayPal).
>>
>>
>>
>> *
>>
>> I opened *Speedify support ticket #676251* due to bonding/redundancy
>> issues. In that exchange, cancellation/refund was raised as an option, but
>> I did *not* request cancellation and I explicitly declined it (including
>> stating: "Ok no I will keep the router license then thank you. I didn't
>> know it would stop working." ).
>>
>>
>>
>> *
>>
>> Nevertheless, on or about *January 27, 2026* , Speedify deactivated my
>> router plan and represented it was *"as a follow up to your cancellation
>> request"* —a statement that is false.
>>
>>
>>
>> *
>>
>> After the deactivation, Speedify stopped functioning on my router
>> (bonding/redundancy disabled). I promptly objected and demanded
>> reinstatement.
>>
>>
>>
>> *
>>
>> After that, my partner created a new account and purchased a replacement
>> subscription so I could use the router; that replacement account was also
>> terminated/deactivated.
>>
>>
>>
>> *
>>
>> The router manufacturer has indicated that Speedify/Connectify can render
>> a device serial number effectively *"dead"* (unable to ever activate
>> again), which threatens *permanent impairment* of my property and creates *immediate
>> and irreparable harm* , particularly with *imminent international travel
>> beginning February 5, 2026*.
>>
>>
>>
>>
>>
>>
>>
>> ----------------------------------------
>> *3) Litigation posture (you
>> are on notice)*
>>
>> ----------------------------------------
>>
>>
>>

>> If you do not restore access within the two-hour deadline, I will file in
>> the Eastern District of Pennsylvania seeking a TRO requiring, among other
>> things:
>>
>>
>>
>>
>> *
>>
>> *Restoration within two (2) hours* of notice of the Court's order;
>>
>>
>>
>> *
>>
>> An injunction preventing Connectify/Speedify and all persons acting in
>> concert from *suspending, terminating, disabling, blacklisting, or
>> otherwise interfering* with my Speedify access and device entitlement; and
>>
>>
>>
>>
>> *
>>
>> An order requiring *preservation of evidence* , including
>> account/subscription records, entitlement/serial-number status records,
>> internal communications, and the complete support-ticket record (including
>> *Ticket #676251* ).
>>
>>
>>
>>
>>
>>
>>
>> You should assume the filing will include a *verified complaint* , sworn
>> declaration, memorandum of law, emergency motion, and a proposed TRO
>> order—ready for immediate submission.
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> Separately, Connectify/Speedify's own terms (as I understand them)
>> identify *Pennsylvania law* and *exclusive jurisdiction in state or federal
>> courts located in Philadelphia County* , and Connectify is headquartered in
>> *Philadelphia* —so this is the proper forum and venue for emergency relief
>> and damages.
>>
>>
>>
>>
>> -------------------------------------------------------------
>> *4)
>> Core causes of action (and why you should resolve this now)*
>>
>> -------------------------------------------------------------
>>
>>
>>
>> Your conduct exposes Connectify and Mr. Gizis to substantial civil
>> liability, including but not limited to:
>>
>>
>>

>>
>> *A. Breach of contract (and breach of the duty of good faith)*
>>
>> -----------------------------------------------------------
>>
>>
>>
>> I paid for the router plan and did not authorize cancellation.
>> Deactivating a paid router subscription *without authorization* ,
>> mischaracterizing it as "in follow up" to a cancellation request I did not
>> make, and refusing to restore the paid service (or device entitlement)
>> constitutes *breach* and *bad-faith contractual discretion*.
>>
>>
>>
>>
>> *B. Trespass to chattels (remote interference with my personal
>> property)*
>>
>> ------------------------------------------------------------------------
>>
>>
>>
>> A "Powered by Speedify" router's value and function depend on your
>> licensing/authentication. *Withholding or revoking the entitlement* —and
>> especially applying device-level "dead"/blacklist status— *impairs the
>> condition, quality, and value* of my router and deprives me of its intended
>> use. That is classic *trespass to chattels*.
>>
>>
>>
>>
>> *C. Declaratory and injunctive relief*
>>
>> --------------------------------------
>>
>>
>>
>> This dispute presents a live controversy over whether you can terminate
>> paid access and/or effectively "kill" a consumer-owned device's
>> functionality through your entitlement systems. I will seek declaratory
>> relief plus immediate injunctive relief to prevent ongoing harm.
>>
>>
>>
>>
>> *D. Damages (even if you restore)*
>>
>> ----------------------------------
>>
>>
>>
>> Restoration is necessary to stop the bleeding, but it does *not* compensate
>> the harm already done. I will pursue *compensatory damages* (including
>> consequential damages), costs, and all other available relief unless we
>> reach a prompt, written settlement.
>>
>>
>>
>>
>> ------------------------------------------------------------------------
>>
>> *5) Settlement opportunity (what it takes to avoid damages litigation)*
>>
>> ------------------------------------------------------------------------
>>
>>
>>
>> If you want to avoid an emergency TRO and a damages case in federal court,

>> you can resolve this now by:
>>
>>
>> *
>>
>> *Immediate restoration* within two hours (as above);
>>
>>
>>
>> *
>>
>> *Written assurance* that my device serial/entitlement is active and will
>> not be disabled/blacklisted again without a lawful basis; and
>>
>>
>>
>> *
>>
>> *Appropriate compensation* for damages already caused, including at
>> minimum:
>>
>>
>>
>>
>> *
>>
>> compensation/credit for downtime and disruption,
>>
>>
>>
>> *
>>
>> reimbursement for any replacement subscription costs incurred due to your
>> deactivations, and
>>
>>
>>
>> *
>>
>> reimbursement for any other documented out-of-pocket losses caused by your
>> actions.
>>
>>
>>
>>
>>
>>
>>
>> If you restore access within two hours, I am willing to discuss a prompt,
>> documented settlement and dismissal— *but only if the compensation and
>> assurances are adequate and in writing.*
>>
>>
>>
>> ------------------------------------------
>> *6) Litigation hold /
>> evidence preservation*
>>
>> ------------------------------------------
>>
>>
>>
>> Effective immediately, you must preserve and not destroy, alter, or delete
>> any evidence relevant to this matter, including (without limitation):
>>
>>
>>

\>\>
\>\> \*
\>\>
\>\> account and subscription records;
\>\>
\>\>
\>\>
\>\> \*
\>\>
\>\> entitlement and device serial number status logs;
\>\>
\>\>
\>\>
\>\> \*
\>\>
\>\> all records related to deactivation, termination, suspension, refunds, and
\>\> chargebacks;
\>\>
\>\>
\>\>
\>\> \*
\>\>
\>\> the complete support-ticket record, including internal notes and
\>\> escalations (including \*Ticket #676251\* );
\>\>
\>\>
\>\> \*
\>\>
\>\> internal communications regarding my account, my router, my device
\>\> serial/entitlement, and any decision to deny reinstatement.
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\> ----------------------
\>\> \*7) Response required\*
\>\>
\>\> ----------------------
\>\>
\>\>
\>\>
\>\> Reply \*immediately\* confirming restoration is in process and providing the
\>\> written assurances above. If you need technical identifiers to perform
\>\> restoration (router serial / account email / transaction ID), request them
\>\> in your reply and I will provide them promptly—but \*the two-hour deadline
\>\> remains\*.
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\> Sincerely,
\>\>
\>\>
\>\>
\>\>
\>\>
\>\> \*Michael Williams\*
\>\>
\>\>

>>
>>
>>
>>
>>
>>
>>
>>
>>
>> *Michael B. Williams*
>> Glexia - An IT Company
>>
>>
>>
>> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>>
>>
>>
>> USA Direct: +1 978 477 6797
>> USA Toll Free: +1 800 675 0297 x101
>> AUS Direct: +61 3 8594 2265
>> AUS Toll Free: +61 1800 931 724 x101
>> Fax: +1.815-301-5570
>>
>>
>>
>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>> ) (High-Security Correspondence)
>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>
>>
>> Legal Notice:
>> The information in this electronic mail message is the sender's
>> confidential business and may be legally privileged. It is intended solely
>> for the addressee(s). Access to this internet electronic mail message by
>> anyone else is unauthorized. If you are not the intended recipient, any
>> disclosure, copying, distribution or any action taken or omitted to be
>> taken in reliance on it is prohibited and may be unlawful.
>>
>
>

---

| From: | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
|---|---|
| To: | uspto@connectify.me, kamran.emdadi@gmail.com, Speedify Support &lt;support@speedify.com&gt;, agizis@connectify.me, AsheryESQ@ |
| Date: | Mon, 02 Feb 2026 22:30:41 +0000 |
| Subject: | FINAL DEMAND AND NOTICE OF BAD■FAITH NON■ENGAGEMENT |

*FINAL DEMAND AND NOTICE OF BAD■FAITH NON■ENGAGEMENT*

*(Meet■and■Confer / Settlement; Preservation for Court Record)*

----------------------------------------------------------------

*Michael B. Williams (Pro Se)*

c/o *Glexia, Inc.*

268 Bush Street, Unit 4101

Email: *Michael.Williams@glexia.com*

*Date:* 2 February 2026

*VIA EMAIL AND U.S. MAIL*

-------------------------

*Connectify, Inc. / Speedify*

Attn: *Legal Department / Registered Agent*

601 Spring Garden Street, 3rd Floor

Philadelphia, PA 19123 (USA)

*Email:* uspto@connectify.me , kamran.emdadi@gmail.com , Speedify Support < support@speedify.com >, agizis@connectify.me , AsheryESQ@gmail.com , lashery@connectify.me

*Re: Final Demand to Engage in Meaningful Discussions; Notice of Continued Litigation and Request for Immediate Judicial Intervention if Non■Engagement Continues*

-----------------------------------------------------------------------------------------------------------------------------------------------

*Case S* *upreme Court of New South Wales* — *Proceeding No. 2026/00043842* — Michael Williams v Connectify, Inc. (trading as "Speedify") and Alexander Gizis

T.B.D USDC E.D. P.A.

*To Defendants and/or Defendants' Counsel:*

-------------------------------------------

I write as a *pro se Plaintiff* to issue a *final, formal demand* that Defendants *immediately engage in meaningful, good■faith discussions* to resolve this dispute.

-------------------------------------------------------------

*1) Defendants Are on Notice — and Are Deliberately Stonewalling*

-------------------------------------------------------------

Over an extended period, I have sent *numerous written communications* to Defendants describing the issues, requesting substantive engagement, and proposing paths to resolution. Defendants have *not* met those communications with any good■faith response.

Instead, Defendants have engaged in a *pattern of calculated non■engagement and gamesmanship* —ignoring repeated notices and requests, refusing to meet and confer, and refusing to correspond on the merits. This is not a misunderstanding. It is *willful refusal*.

To the extent Defendants have responded at all, the communications have *not addressed the substance* and have instead included *ad hominem personal attacks and inflammatory statements* , including attacks by Defendants' CEO, *Mr. Gizis* , rather than a substantive response to the claims and evidence presented. That conduct further underscores Defendants' *bad■faith posture* : Defendants can communicate when they choose, but they choose *not* to address the dispute in any meaningful way.

---------------------------------------------------------------------------

*2) Defendants' Bad Faith Makes Immediate Court Intervention Appropriate*

---------------------------------------------------------------------------

Defendants' refusal to engage after repeated notice will be presented to the Court as evidence that:

*

Defendants have received *clear notice* of the claims and supporting communications;

*

Defendants have *refused to meet and confer* or participate in any meaningful settlement dialogue;

*

Defendants' conduct demonstrates *bad faith, obstruction, and intentional delay* ; and

*

Given the record of notice, non■responsiveness, and hostile non■substantive messaging, the matter is *immediately ripe for urgent judicial intervention* , including *ex parte (without notice)* or *expedited relief* where permitted and warranted.

If Defendants continue to stonewall, I will ask the Court for *immediate relief* and will rely on the communications history to show that Defendants are on notice and are refusing to engage, leaving court intervention as the only viable option.

----------------------------------------------------------------------

*3) Final Demand: Provide a Substantive Response and Meet■and■Confer*

----------------------------------------------------------------------

Defendants must provide a *written, substantive response* no later than:

*DEADLINE: Wednesday, February 4 , 2026 at 5:00 p.m. Central Standard Time (US) (UTC■6)*

----------------------------------------------------------------------------------------

The response must include:

*

*A proposed meet■and■confer time* within the next *7 days* (video/phone acceptable);

*

The *name and contact information* of the person(s) who will attend with *authority to resolve* the dispute; and

*

Confirmation Defendants will participate in *good faith* , meaning: addressing the issues, responding to the evidence and allegations, and proposing a realistic path to resolution— *not* personal attacks, evasions, delay tactics, or silence.

---------------------------------------------------

*4) Notice of Next Steps if Defendants Refuse Again*

---------------------------------------------------

If Defendants fail to meet this deadline or continue the pattern of silence/hostility/non■substantive messaging, I will proceed *without further notice* to:

*

*Continue litigating* the matter; and

*

Seek further *urgent and/or ex parte judicial intervention* as appropriate, supported by the record of repeated outreach and Defendants' refusal to engage.

Nothing in this letter waives any rights or remedies. *All are expressly reserved.*

*Sincerely,*

------------

*Michael Williams*

*Pro Se*

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                              )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

| | |
|---|---|
| **From:** | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
| **To:** | cbiemiller@tlgattorneys.com, dscott@stradley.com, skats@stradley.com, pkingsley@stradley.com, pforet@stradley.com, kcasey@stradley |
| **Date:** | Fri, 06 Feb 2026 23:24:23 +0000 |
| **Subject:** | Notice of Intended Proceedings in the United Kingdom — Williams v. Connectify, Inc. &amp; Anor. |

Dear Counsel and Interested Parties,

Further to my email of today 's date enclosing the Verified Complaint filed in the United States District Court for the Eastern District of Pennsylvania, I write to place Connectify, Inc. and Mr. Alexander C. Gizis on notice that I am preparing to commence urgent proceedings in the United Kingdom in the immediate term.

As set out in the Complaint, Defendants' conduct — including the unilateral termination of paid services, the device-level blacklisting of the Miri X510 router, and the continuing refusal to restore access — is causing ongoing and irreparable harm to my business operations and secure communications infrastructure. That harm is not confined to any single jurisdiction.

I have already obtained a published decision from the Supreme Court of New South Wales ( Williams v Connectify, Inc. [2026] NSWSC 30) arising from emergency proceedings in Australia. I am now actively instructing solicitors in England with a view to filing an urgent application in the High Court of Justice seeking, among other relief, interim injunctive relief and such other orders as may be appropriate to restrain Defendants' continuing interference with my property and services.

I reserve all rights in this regard. Nothing in this correspondence limits or waives any claim, right, or remedy available to me in any jurisdiction, including but not limited to the proceedings already filed in the Eastern District of Pennsylvania.

This notice is provided so that Connectify and Mr. Gizis may take immediate steps to preserve all documents and communications relevant to these matters across all jurisdictions, and to consider whether the restoration of services might avoid the necessity of further emergency applications.

Respectfully,

Michael Williams

Pro Se Plaintiff

Suite 1524, 50-58 Macleay Street

Elizabeth Bay NSW 2011, Australia

Michael.Williams@glexia.com

+1 701 484 1337

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                              )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.