MICHAEL WILLIAMS,
    Plaintiff,

v.

CONNECTIFY, INC. et al.,
    Defendants.

# EXHIBIT I

## CLRA Pre-Suit Notice and Certified Mail Confirmation

Pre-Suit Notice pursuant to California Civil Code Section 1782(a) of the
Consumers Legal Remedies Act, including the transmittal email (February 9, 2026)
and the formal notice document (dated February 5, 2026), mailed via USPS
Certified Mail on February 7, 2026.

*Authenticated per FRE 901(b)(1) as email sent by Declarant and notice document maintained by Declarant.*

*Filed in Support of Declaration of Michael Williams*
*in Support of Emergency Motion for Temporary Restraining Order*

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AND VIA EMAIL**

Connectify, Inc. (d/b/a "Speedify")
Attn: Legal Department / Company Secretary / Alexander C. Gizis, CEO
601 Spring Garden Street, 3rd Floor
Philadelphia, Pennsylvania 19123

*Also sent to:*
1429 Walnut Street, Suite 201, Philadelphia, Pennsylvania 19102

*Email copies to:* agizis@connectify.me; support@speedify.com; uspto@connectify.me;
kamran.emdadi@gmail.com; AsheryESQ@gmail.com; lashery@connectify.me

Alexander C. Gizis
430 Pine Street
Philadelphia, Pennsylvania 19106

**Re: *PRE-SUIT NOTICE PURSUANT TO CALIFORNIA CIVIL CODE § 1782(a) —
CONSUMERS LEGAL REMEDIES ACT***

Dear Sirs / Mr. Gizis / Legal Department:

I, Michael Williams, an individual and citizen of Australia, write to provide formal pre-suit notice pursuant to **California Civil Code § 1782(a)** of the **California Consumers Legal Remedies Act** ("CLRA"), Cal. Civ. Code §§ 1750–1785. This notice is directed to Connectify, Inc. (doing business as "Speedify") ("Connectify") and Alexander C. Gizis ("Gizis") (collectively, "Defendants").

Section 1782(a) requires that, at least thirty (30) days prior to the commencement of an action for damages under the CLRA, the consumer must: (1) notify the person alleged to have committed the violations of the *particular* alleged violations of Section 1770; and (2) demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770. This letter satisfies both requirements.

**I. IDENTIFICATION OF CONSUMER AND TRANSACTIONS**

I am a consumer who purchased the following goods and services from Defendants:

**(a)** A **Speedify Families Plan** (annual subscription) purchased in approximately December 2025 for AUD $251.11, providing multi-device VPN channel-bonding and failover services;

**(b)** A **Speedify Router Subscription Upgrade** (annual license) purchased in approximately December 2025/January 2026 for USD $450.00, enabling Speedify's channel-bonding software on a dedicated "Powered by Speedify" router (the Miri X510 Multi-WAN 4G/5G Router, Serial No. 00A601241115008) (the "Router"); and

**(c)** The **Router** itself, a specialized multi-WAN hardware device that is expressly designed and marketed by Defendants to operate exclusively with Defendants' Speedify software and licensing infrastructure.

I relied on these services in connection with my California-based business operations. My United States business headquarters and principal place of business is in California, and the connectivity services provided by Defendants are integral to those California-based operations.

## II. PARTICULAR ALLEGED VIOLATIONS OF CAL. CIV. CODE § 1770

Pursuant to Cal. Civ. Code § 1782(a)(1), I hereby notify Defendants of the following *particular* violations of Cal. Civ. Code § 1770(a):

**1. § 1770(a)(5) — Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.**

Defendants represented through Speedify.com marketing materials, onboarding materials, and product pages that: (i) "Redundant Mode" provides "Flawless Failover" and "secure, uninterrupted" redundant connectivity by sending duplicate packets across multiple connections; (ii) "Speed Mode" provides a "major speed boost" and "combined speed" with up to approximately 95% combined-throughput efficiency; and (iii) the Speedify service is suitable for real-world multi-WAN router deployments (including Starlink) and for streaming/live video calls over multiple connections. These representations were false and/or misleading. In reality, the Speedify service can reset or drop the bonding tunnel

across all connections when a single WAN link flaps, defeating redundancy entirely and causing total connectivity outages.

**2. § 1770(a)(7) — Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.**

Defendants represented Speedify as providing enterprise-grade, carrier-class failover and bonding performance suitable for mission-critical connectivity. The actual product delivered is materially inferior to the represented standard: it suffers from fundamental architectural defects causing total tunnel resets when any individual WAN link experiences instability, rendering the "redundancy" feature useless precisely when redundancy is needed most.

**3. § 1770(a)(9) — Advertising goods or services with intent not to sell them as advertised.**

On information and belief, Defendants knew or should have known that the Speedify service could not perform as advertised (particularly regarding the "Flawless Failover" and "Redundant Mode" claims) at the time the representations were made and when I purchased the subscriptions. Defendants advertised these capabilities with the intent to induce subscription purchases, knowing that the actual performance would not match the advertised specifications.

**4. § 1770(a)(14) — Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.**

On or about January 27, 2026, Defendants falsely represented that I had submitted a "cancellation request" and proceeded to unilaterally deactivate my Router Plan and Families Plan, issuing unrequested refunds (Refund Invoice #502864 and Refund Invoice #502873). I made no cancellation request; to the contrary, I expressly instructed Defendants on January 25, 2026 to keep the router license: "Ok no I will keep the router license then thank you. I didn't know it would stop working." Defendants further

represented through Defendant Gizis that Defendants' "liability is limited to the amount you paid us, or $100 whichever is higher"—a misrepresentation of the legal rights and remedies available to me as a consumer.

**5. § 1770(a)(16) — Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.**

Defendants sold the Router subscription and Families Plan representing that these services would provide continuous, reliable, bonded failover connectivity. The service as supplied does not conform to these representations: it is subject to catastrophic tunnel-reset failures and, moreover, Defendants unilaterally deactivated the services and device-level blacklisted the Router, rendering the hardware permanently inoperable for its intended purpose—without any legitimate basis and contrary to my express instructions.

**6. § 1770(a)(19) — Inserting an unconscionable provision in a contract.**

On information and belief, Defendants' Terms of Service contain provisions purporting to: (i) limit Defendants' liability to the amount paid or $100, whichever is higher; and (ii) grant Defendants the unilateral right to terminate service and blacklist hardware at the device level without cause, without process, and without recourse. These provisions are unconscionable insofar as they purport to authorize Defendants to permanently disable specialized hardware that consumers have purchased and that can only function with Defendants' software, while capping any remedy at a fraction of the consumer's actual losses.

## III. DEMAND FOR CORRECTION, REPAIR, REPLACEMENT, OR RECTIFICATION

Pursuant to Cal. Civ. Code § 1782(a)(2), I hereby demand that Defendants correct, repair, replace, or otherwise rectify the goods and services identified above by taking the following actions within thirty (30) days of receipt of this notice:

**(a)** Immediately restore and reactivate all Speedify licensing, authentication, and channel-bonding services on the Router (Serial No. 00A601241115008), including removal of any

device-level blacklisting, kill-switch activation, or other technical measures preventing the Router from functioning with Speedify;

**(b)** Immediately restore and reactivate the Speedify Router Subscription Upgrade and Families Plan subscriptions in full, with credit for the remaining term;

**(c)** Correct, repair, or replace the Speedify channel-bonding software to deliver the "Flawless Failover," "Redundant Mode," and "Speed Mode" performance capabilities as represented, or, if Defendants are unable to do so, clearly and prominently disclose the limitations of these features to all current and prospective consumers;

**(d)** Cease and desist from representing that Speedify provides "Flawless Failover" or "secure, uninterrupted" redundant connectivity unless and until Defendants can substantiate those claims;

**(e)** Cease and desist from falsely attributing cancellation requests to consumers who have not made such requests;

**(f)** Cease and desist from engaging in retaliatory account terminations and device-level blacklisting against consumers who assert their legal rights; and

**(g)** Provide a full accounting of all technical measures taken against my account(s), Router, and associated identifiers, including the identity of the person(s) who authorized the device-level blacklisting.

## IV. NOTICE OF INTENT TO SEEK DAMAGES

If Defendants fail to correct, repair, replace, or otherwise rectify the violations identified above within thirty (30) days of receipt of this notice, I intend to commence an action (or amend my existing action) for **damages** pursuant to Cal. Civ. Code § 1780, including but not limited to:

**(a)** Actual damages pursuant to Cal. Civ. Code § 1780(a)(1);
**(b)** An order enjoining the methods, acts, or practices pursuant to Cal. Civ. Code § 1780(a)(2);

**(c)** Restitution of property pursuant to Cal. Civ. Code § 1780(a)(3);

**(d)** Punitive damages pursuant to Cal. Civ. Code § 1780(a)(4);

**(e)** Any other relief that the Court deems proper pursuant to Cal. Civ. Code § 1780(a)(5); and

**(f)** Attorneys' fees and costs pursuant to Cal. Civ. Code § 1780(e).

## V. EXISTING AND PENDING LITIGATION

For the avoidance of doubt, I have already filed a Verified Complaint in the United States District Court for the Eastern District of Pennsylvania, which includes claims under the CLRA seeking injunctive relief (which does not require pre-suit notice under § 1782(d)). This notice is provided to preserve and perfect my right to seek **damages** under the CLRA, which I intend to pursue by way of amendment to the existing Complaint if Defendants fail to cure within the thirty-day period. I have also filed proceedings in the Supreme Court of New South Wales, Australia (*Williams v Connectify, Inc.* [2026] NSWSC 30) and a Petition for Cancellation with the USPTO Trademark Trial and Appeal Board (ESTTA1494742). Defendants have failed to respond to any of these proceedings.

## VI. PRESERVATION OF EVIDENCE

Defendants are hereby reminded of their obligation to preserve all documents and electronically stored information relevant to the claims and violations identified in this notice, including but not limited to: all marketing materials (current and historical) for Speedify's "Redundant Mode," "Speed Mode," and router capabilities; all internal communications regarding the deactivation of my accounts and blacklisting of my Router; all support tickets, logs, and communications involving my account(s); and all technical records, telemetry, and testing data relating to Speedify's failover and bonding performance.

## VII. RESERVATION OF RIGHTS

This notice is sent without prejudice and with a full reservation of all rights, remedies, claims, and defenses available to me under the CLRA and otherwise. Nothing herein constitutes a waiver of any rights, and this notice should not be construed as an exhaustive statement of my

positions or claims. I expressly reserve the right to supplement the violations and demands set forth herein.

Respectfully,

**Michael Williams**
Glexia — An IT Company
USA Direct: +1 978 477 6797
AUS Direct: +61 3 8594 2265
Email: Michael.Williams@glexia.com

**cc:** (via email)
  agizis@connectify.me (Alexander C. Gizis, CEO)
  support@speedify.com (Speedify/Connectify Support)
  uspto@connectify.me (Connectify Legal)
  kamran.emdadi@gmail.com (Attorney of Record)
  AsheryESQ@gmail.com (Chief Counsel)
  lashery@connectify.me (Chief Counsel)