UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL WILLIAMS,
   Plaintiff,

v.

CONNECTIFY, INC. et al.,
   Defendants.


# EXHIBIT J

## NSW Supreme Court Decision and Service Chain

Michael Williams v Connectify, Inc. (trading as "Speedify") [2026] NSWSC 30,
Supreme Court of New South Wales, Common Law Division.
Decision of Hamill J (as Duty Judge), dated 31 January 2026. Case No. 2026/00043842.
Followed by the complete NSW court service chain: four emails to Defendants
and their representatives (February 2-9, 2026) documenting service of the
Supreme Court proceedings, hearing notices, and follow-up correspondence.


*Public court record (caselaw.nsw.gov.au) and emails sent by Declarant per FRE 901(b)(1).*


*Filed in Support of Declaration of Michael Williams*
*in Support of Emergency Motion for Temporary Restraining Order*



# Supreme Court
## New South Wales

| | |
|---|---|
| **Medium Neutral Citation:** | **Michael Williams v Connectify, Inc. (trading as "Speedify") [2026] NSWSC 30** |
| **Hearing dates:** | 31 January 2026 |
| **Date of orders:** | 31 January 2026 |
| **Decision date:** | 31 January 2026 |
| **Jurisdiction:** | Common Law |
| **Before:** | Hamill J (as Duty Judge) |
| **Decision:** | (1) The application for injunctive relief is refused, and the notice of motion is dismissed.<br>(2) The matter is adjourned to the Registrar sitting in Common Law at 9:30am on Monday 2 February 2026.<br>(3) The plaintiff is directed to notify the defendants of that listing and to provide the Registrar with sufficient proof that all relevant material has been served.<br>(4) I direct that a transcript of this afternoon's hearing and judgment is to be prepared by transcription services as a matter of urgency on Monday morning.<br>(5) Finally, I note due to the time difference between here and Philadelphia where the defendants are located, it is unlikely that this matter will be considered by the Duty Judge (whether it be in Common Law or Equity) before Tuesday 3 February 2026 (Sydney time) which would be Monday in the United States.<br>(6) No order as to costs. |
| **Catchwords:** | CIVIL LAW – contractual dispute – dispute over provision of internet routing services – consumer protection – application for urgent interlocutory relief – mandatory injunction requiring defendants to re-activate plaintiff's routing service – whether plaintiff acted with due dispatch – where affidavit sworn on Thursday but application brought on Saturday – where defendant's business located in Pennsylvania – discretionary considerations – whether plaintiff's "usual undertaking" as to damages is enforceable |

| | |
|---|---|
| | – whether plaintiff's loss cannot be compensated by monetary damages – lack of supporting evidence of plaintiff's commitments to DFAT, ASIO and Australian Federal Police – Saturday AVL to Puerto Escondido – |
| **Legislation Cited:** | *Supreme Court Act 1970* (NSW)<br>*Trade Practices Act 1974* (Cth) |
| **Cases Cited:** | *Australian Competition and Consumer Commission v Chen* (2003) 132 FCR 309; [2003] FCA 897<br>*Businessworld Computers Pty Ltd v Australian Telecommunications Commission* (1988) 82 ALR 499; [1988] FCA 206<br>*Humane Society International Inc v Kyodo Senpaku Kaisha Ltd* (2008) 165 FCR 510; [2008] FCA 3<br>*Instant Rewards Pty Ltd v Baker Motors Pty Ltd* [2003] NSWSC 312<br>*John Tumminello v TAB Limited* [2011] NSWSC 1639<br>*MP Water Pty Ltd v Veolia Water Australia Pty Ltd* [2021] NSWSC 582 |
| **Texts Cited:** | N/A |
| **Category:** | Principal judgment |
| **Parties:** | Michael Williams (Plaintiff) (Self-represented)<br>Connectify, Inc. (trading as "Speedify") (First Defendant)<br>Alexander C Gizis (Second Defendant) |
| **File Number(s):** | 2026/00043842 |
| **Publication restriction:** | N/A |

## EX TEMPORE JUDGMENT (REVISED)

1 These *ex tempore* remarks and reasons have been prepared over the last 45 minutes. They will be refined before Monday and provided to the Registrar. [1] There is no doubt as to the Court's power to make the orders sought by the plaintiff on an urgent and *ex parte* basis but, in the absence of reasonable notice to the defendants, the power is exercised sparingly for reasons that are self-evident. [Authorities to this effect have been added in revising the judgment for publication.]

2 This is an application for urgent relief in proceedings commenced by a statement of claim filed in Court at around 2:00pm today, that is Saturday 31 January 2026 (Sydney time). The plaintiff is Michael Williams and the putative first defendant is Connectify, Inc. (trading as "Speedify"), an entity described by the plaintiff as a Delaware Corporation, the head office of which is in the state of Pennsylvania in the United States of America. There is a named second defendant, Alexander C Gizis, who resides in Philadelphia and is said to be the Chief Executive Officer of the first defendant and of the Speedify

business. Because of the circumstances and urgency with which the Court was constituted at the plaintiff's request, neither defendant has had the opportunity to place evidence before the Court or to make submissions.

At the risk of oversimplification, and based entirely on the plaintiff's version of events, the controversy between the parties involves a contractual dispute arising out of the plaintiff purchasing a "MiFi / multi-WAN bonding router device" on or about 4 December 2025. At that time the plaintiff was in Australia, and he asserts that the router was subsequently activated whereby a contract was entered or confirmed. The purchase price was a little less than AUD$3,000 and the router was paid for and thereafter dispatched on 4 December 2025. Later, on around 25 January 2026, the plaintiff says he purchased a yearly subscription to a router licence which was said to be connected to the aforementioned routing device. For completeness, I note that there was an earlier transaction – on 2 December 2025 – where the plaintiff entered a "Speedify Families Unlimited Three-Year Subscription" which was said to be for the term 2 December 2025 to 2 December 2028. The payment for that plan came to AUD$251.11 and was pursuant to Invoice #494648. That fact is pleaded by the plaintiff by way of background to the relevant transactions.

The plaintiff says that his intention was to use the routing service during overseas travel and for his business connected with his company, Glexia Pty Ltd ("Glexia"). Glexia is a company registered in Australia which is said to provide telecommunications products. The plaintiff says that the business needs "continuity-dependent connectivity to access and administer the Plaintiff's secure telecommunications network … and to supervise and manage lawful interception assistance and other required carrier activities" (statement of claim at [30]).

According to the material filed by the plaintiff, including his affidavit and submissions (both oral and in writing), the plaintiff has substantial and important contractual obligations with the Australian government including the Department of Foreign Affairs and Trade (DFAT), the Australian Security Intelligence Organisation (ASIO) and the Australian Federal Police (AFP) as well as connections to, or contracts with, the South Australian Police Force. Because of what I understand to be the sensitivity of some of these contracts and the service provided to those entities, Mr Williams was somewhat and necessarily constrained as to what he could say during the argument conducted this afternoon by audio visual link from Puerto Escondido to the courtroom in Queens Square Sydney.

Mr Williams left Australia on 22 January 2026 to travel overseas. As hinted in the last paragraph, he is currently in Puerto Escondido on the Pacific Coast of Mexico.

The dispute between the parties arose from what the plaintiff describes as the defendants' unilateral disconnection of the router service which it is, on the plaintiff's case, contractually obliged to provide. The result is that the plaintiff says he is unable to conduct or undertake the core businesses of Glexia. Despite repeated requests to the

defendants, the routing service has not been restored. In the material filed today, and in accordance with his obligations of candour, the plaintiff has postulated the kinds of excuses or defences upon which the defendants may rely or proffer for their conduct.

The plaintiff contacted the 24-hour emergency line of this Court at around 11:30am today (that is, Saturday 31 January 2026). My Associate was notified and made contact with the plaintiff at 11:32am (Sydney time). The following material was then provided by way of email at around 11:35am:

(1) The Statement of Claim to which I have referred.

(2) Notice of Motion seeking urgent interlocutory relief.

(3) Affidavit of the plaintiff dated 29 January 2026.

(4) Plaintiff's submissions in support of urgent interim and interlocutory relief.

I note in passing that the plaintiff's affidavit was witnessed by a Sydney based solicitor, Andrew Tiedt, who has joined us online for this part of the hearing, that is the judgment, but who tells me he does not appear for Mr Williams in these proceedings although he does act – or has acted – for him in other unrelated proceedings, the details of which I know nothing about.

The plaintiff was given leave to file all of this material in Court, and it has been sealed and received for the purposes of this afternoon's hearing. As I follow what was said before I adjourned, the plaintiff has undertaken to pay the necessary filing fee.

As particularised in the statement of claim, Mr Williams' cause of action is couched in terms of his status as an Australian consumer and relies on obligations under domestic – that is Australian – consumer protection legislation. However, the losses to which he refers appear not to arise out of his conduct as an ordinary consumer but, rather, result from his corporate activities (or more accurately, his inability to conduct those activities because of the defendants' default).

The Court was constituted as a matter of urgency and commenced sitting at 2:00pm on Saturday 31 January 2026. At that point, it was 9:00pm on Friday night in Puerto Escondido and around 10:00pm in Philadelphia. As I deliver judgment now, it is around 4:30pm on Saturday afternoon in Sydney and the early hours of Saturday morning in Mexico and on the east coast of the United States.

The plaintiff sought to be heard *ex parte* although he has told me that he provided the defendants with notice that he was commencing proceedings and bringing an urgent application. He provided some evidence in support of that to my Associate. I have not formally marked or exhibited that material, but it is in the form of emails which will be

kept on the court file and it does suggest that Mr Williams notified the defendants of the fact he was bringing the action and provided them with copies of the material that was filed in Court this afternoon.

14 The plaintiff told me in argument that the last response he had from the defendant was in the form of a reversed middle finger ("up yours") emoji which I take to be this:

15 At this point the plaintiff seeks urgent injunctive relief requiring the American company (that is the first defendant) to reinstate his plan and reconnect his routing service. It is well established, as the plaintiff acknowledged in his written submissions as well as the statement of claim and notice of motion, that a mandatory injunction such as this will only be made in the most compelling of circumstances, especially where (as here) the defendants have not had the opportunity to be heard and where (as here) the target of the injunction is located outside of Australia: see but contrast, for example, *Businessworld Computers Pty Ltd v Australian Telecommunications Commission* (1988) 82 ALR 499 at 503 (Gummow J); [1988] FCA 206, *Instant Rewards Pty Ltd v Baker Motors Pty Ltd* [2003] NSWSC 312 at [19] (Palmer J), *John Tumminello v TAB Limited* [2011] NSWSC 1639 at [43] (Slattery J) and *MP Water Pty Ltd v Veolia Water Australia Pty Ltd* [2021] NSWSC 582 at [61] (Rees J).

16 The power to make such orders is always discretionary and where the defendants are situated outside of the jurisdiction, issues of enforceability fall to be considered along with a myriad of other considerations which constitute the "balance of convenience" guiding the exercise of the discretion. In *Humane Society International Inc v Kyodo Senpaku Kaisha Ltd* (2008) 165 FCR 510; [2008] FCA 3 it was said at [19]:

> "There are many cases where parties out of the jurisdiction have been subjected to an injunction regarding their conduct abroad. The cases to which we have referred show that if a person is properly served in accordance with the court's exorbitant jurisdiction, that person (so far as the jurisdiction of the court is concerned) is in the same position as a person who is within its territorial jurisdiction. Nevertheless, in an appropriate case the judge may refuse to grant an injunction because the defendant is outside the jurisdiction and is likely to ignore the order. It will all depend upon the circumstances and, at the present stage of these proceedings, they are not yet known."

17 In *Australian Competition and Consumer Commission v Chen* (2003) 132 FCR 309; [2003] FCA 897 Sackville J at [43] and [45] made the following observations about granting an injunction directed to a foreign entity under the *Trade Practices Act 1974* (Cth):

> "[43] Of course, the fact that the respondent is outside Australia and, for that reason, any order might be difficult or impossible to enforce, may be a relevant consideration in determining whether a Court should grant injunctive relief …
>
> [45] …The fact that an order is likely to prove difficult or even impossible to enforce is not necessarily a bar to the grant of relief, although it is a material consideration to be weighed against other circumstances relevant to the exercise of the court's discretion." [2]

18 As I understand it, the plaintiff's major concern is that he and his company are currently contractually obligated to communicate with an expert witness in the United States in relation to a separate dispute over, to use a generic term, cyber currency or crypto currency. He asserts that the defendants' failure to provide him with the services via his router connection places him in a position where he will default in his own contractual

obligations. Further, and relatedly, the plaintiff is concerned that he will suffer immediate and ongoing "reputational damage" if he fails to provide the services required and is unable to maintain the communications with the expert witness.

He also says that he may be called upon by ASIO or the AFP to activate telecommunications interception services. However, when pressed on this assertion, Mr Williams frankly acknowledged that he is not really expecting such a request from ASIO or the AFP and, I gather, he has not previously been asked to activate such intercepts.

I should say at this point that the foregoing is a massive oversimplification of the material filed by the plaintiff, but time does not permit me to go into all of the details this afternoon. I do not mean, by that oversimplification, to diminish the substance or efficacy of the plaintiff's cause of action or the effort he has put into providing submissions to the Court this afternoon.

The plaintiff has offered the usual undertaking as to damages. During oral argument, he offered to put up about AUD$50,000. However, it is far from clear what the potential damages would be, if any. Nor is there evidence of how difficult it would be for the defendants to re-establish the router connection after business hours on a Friday night in Philadelphia.

The plaintiff argues that what he seeks today is not so much a mandatory injunction (as contemplated by ss 65 and 66 of the *Supreme Court Act 1970* (NSW)) but is better described as "restorative relief", that is a plea through the Court to reinstate that for which he has paid and that the defendants are contractually obliged to provide, and did commence to provide. This is the reference to the routing services and plans for which the plaintiff has paid and which the defendants activated but then de-activated. (As the cases referred to earlier show, the strictures that traditionally applied to the grant of a mandatory injunction, and the distinctions previously accepted, may no longer be as significant.)

I propose to list the matter before the Common Law Registrar at 9:30am on Monday 2 February 2026 for possible referral either to the Duty Judge sitting in Common Law or the Duty Judge sitting in the Equity Division. The matter was filed in the Common Law Division which is why it has come to me but certainly some aspects of the case would ordinarily be dealt with by the Equity Division. However, I am not being prescriptive when I say that, and a judge of either Division is authorised to deal with the case. On Monday, the matter will be placed in the list to be conducted by the Common Law Registrar and the issue of which Division will hear the matter may be a question to be considered.

As to whether to make the urgent interlocutory relief today, I make the following observations and record some fundamental findings:

(1)    The material presented is detailed and complex. This action or litigation has clearly been in contemplation for some days; based on the date that Mr Tiedt witnessed the affidavit, at least since Thursday or Friday. The affidavit – witnessed by a solicitor located in Sydney – is dated 29 January 2026 and, even

allowing for international time differences, could have been filed before the weekend. Accordingly, I am not satisfied that the plaintiff has acted with sufficient urgency to ensure that the case came before the Court at a time when it was possible for the defendants to appear or to obtain legal representation:

(a) To provide evidence relevant to the factual assertions made by the plaintiff;

(b) To provide evidence relevant to the cost of acting on the kind of injunctive relief sought on such an urgent basis and without notice to the defendants; and

(c) To provide evidence of the practical and logistical steps to comply with any injunctive relief, noting that it is now outside of ordinary business hours in the city and state where the defendant's business is located.

(2) I am unpersuaded of the quantum of the losses that the plaintiff asserts he will suffer in the period of 48 hours during which the interim injunction would remain in force. At best, an injunction might have been granted for 48 hours to allow the defendants to appear or instruct Sydney lawyers.

(3) Contrary to the plaintiff's stated concerns, I cannot imagine that he will suffer any "reputational damage" in circumstances where the fault – on his case – is with the defendants and where he sought an injunction in this Court over the weekend.

(4) Assuming the plaintiff establishes his cause of action and proves the damages to which he refers, I am not satisfied that a future award of damages would not be capable of providing a sufficient remedy for any loss or damage the plaintiff may suffer in the less than 48 hours before the Court resumes its regular sitting days on Monday 2 February 2026.

(5) I am not satisfied that any usual undertaking as to damages made by the plaintiff would be enforceable or capable of being recovered by the defendants. Apart from the offer to forward AUD$50,000 to the Court on Monday, there is currently no enforceable security for any such damages, the precise quantum of which is purely speculative.

(6) As far as I can tell, no provision has been made for enforcement of any injunction ordered by the Court on a Saturday in the state of Pennsylvania or elsewhere in the United States where the defendant corporation operates its business. While that is not determinative, it is part of the mix in determining how the discretion should be exercised.

(7) There is no supporting evidence of many of the assertions made by the plaintiff. In particular, the concerns about potential reputational damage with the expert in North America or his contractual obligations to security organisations and law enforcement agencies in Canberra and South Australia are based entirely on the

plaintiff's own assertions. These are matters which are capable of independent proof or corroboration from those agencies without breaching "national security" or prejudicing any ongoing investigation.

(8) I am unable to understand, even having asked him, why the plaintiff cannot arrange secure internet and routing services of a similar kind to that provided by the defendants from another source and thereby mitigate his damages and more particularly continue to operate his business while he is overseas.

25 For those necessarily brief reasons, I make the following orders:

(1) The application for injunctive relief is refused, and the notice of motion is dismissed.

(2) The matter is adjourned to the Registrar sitting in Common Law at 9:30am on Monday 2 February 2026.

(3) The plaintiff is directed to notify the defendants of this listing and to provide the Registrar with sufficient proof that all relevant material has been served.

(4) I direct that a transcript of this afternoon's hearing and judgment is to be prepared by transcription services as a matter of urgency on Monday morning.

(5) Finally, I note due to the time difference between here and Philadelphia, where the defendants are located, it is unlikely that this matter will be considered by the Duty Judge (whether it be in Common Law or Equity) before Tuesday 3 February 2026 (Sydney time) which would be Monday in the United States.

(6) Obviously, there will be no order as to costs.

**********

**Endnotes**

1. As things turned out, the judgment was published on Wednesday 4 February 2026.

2. The authorities referred to in [15]-[17] were included in revising the judgment.

DISCLAIMER - Every effort has been made to comply with suppression orders or statutory provisions prohibiting publication that may apply to this judgment or decision. The onus remains on any person using material in the judgment or decision to ensure that the intended use of that material does not breach any such order or provision. Further enquiries may be directed to the Registry of the Court or Tribunal in which it was generated.

Decision last updated: 04 February 2026

## NSW Court Service Chain Emails

| | |
|---|---|
| **From:** | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
| **To:** | uspto@connectify.me, kamran.emdadi@gmail.com, Speedify Support &lt;support@speedify.com&gt;, agizis@connectify.me, AsheryESQ@ |
| **Date:** | Mon, 02 Feb 2026 19:20:33 +0000 |
| **Subject:** | AU NSW SC 2026/00043842: Michael Williams v Connectify, Inc. (trading as "Speedify") &amp; Gizis |

Dear Sirs,

Please find below the case information for the New South Wales Supreme Court Matter. Given that you refused to participate, the matter will continue in your absence. Further service is forthcoming.

If you wish to participate, the details of the latest hearing are below.

Regards,

Michael Williams

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                    )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

---

| | |
|---|---|
| **From:** | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
| **To:** | agizis@connectify.me, Brian Prodoehl &lt;support@speedify.com&gt;, uspto@connectify.me, kamran.emdadi@gmail.com |
| **Date:** | Tue, 03 Feb 2026 18:58:05 +0000 |
| **Subject:** | Re: Legal Service - Williams vs Connectify &amp; Gizis - Service of Documents fled in Supreme Court in Sydney |

All -

I am still awaiting the contact information for your Australian legal representatives so we can coordinate ahead of the upcoming hearing. Please provide these details at your earliest convenience.

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED]                    )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the

intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

On Sat, Jan 31, 2026 at 1:36 PM, Michael Williams < Michael.Williams@glexia.com > wrote:

>
> All -
>
>
>
> The Supreme Court declined to make an emergency injunction without giving
> you a chance to be heard.  It will hear the matter again on Monday , 2
> February 2026 , at 9 am Sydney Time (or as soon as possible thereafter) to
> allow your Sydney attorneys the opportunity to participate.
>
>
>
> Could you please provide the contact details of your Australian-based
> legal team?
>
>
>
> Regards,
>
>
>
> Michael Williams
>
>
>
>
>
>
>
> *Michael B. Williams*
> Glexia - An IT Company
>
>
>
> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>
>
>
> USA Direct: +1 978 477 6797
> USA Toll Free: +1 800 675 0297 x101
> AUS Direct: +61 3 8594 2265
> AUS Toll Free: +61 1800 931 724 x101
> Fax: +1.815-301-5570
>
>
>
> Michael.Williams@glexia.com
> Michael.Williams@secure.glexia.com (High-Security Correspondence)
> https://www.glexia.com/
>
>
> Legal Notice:
> The information in this electronic mail message is the sender's
> confidential business and may be legally privileged. It is intended solely
> for the addressee(s). Access to this internet electronic mail message by

> anyone else is unauthorized. If you are not the intended recipient, any
> disclosure, copying, distribution or any action taken or omitted to be
> taken in reliance on it is prohibited and may be unlawful.
>
>
>
>
>
> On Fri, Jan 30, 2026 at 20:38:47, Michael Williams < Michael.Williams@glexia.com
> > wrote:
>
>> All -
>>
>>
>>
>> The Supreme Court of NSW is being constituted on an emergency basis (on a Saturday
>> ) in less than twenty (20) minutes to hear my application for emergency
>> relief.
>>
>>
>>
>> I will update you on the Application and any orders that might ensue.
>>
>>
>>
>> I otherwise reserve my rights.
>>
>>
>>
>> Regards,
>>
>>
>>
>> Michael Williams
>>
>>
>>
>>
>>
>>
>>
>> *Michael B. Williams*
>> Glexia - An IT Company
>>
>>
>>
>> Book a Meeting With Me ( [REDACTED] [REDACTED]                                )
>>
>>
>>
>> USA Direct: +1 978 477 6797
>> USA Toll Free: +1 800 675 0297 x101
>> AUS Direct: +61 3 8594 2265
>> AUS Toll Free: +61 1800 931 724 x101
>> Fax: +1.815-301-5570
>>
>>
>>

>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>> ) (High-Security Correspondence)
>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>
>>
>> Legal Notice:
>> The information in this electronic mail message is the sender's
>> confidential business and may be legally privileged. It is intended solely
>> for the addressee(s). Access to this internet electronic mail message by
>> anyone else is unauthorized. If you are not the intended recipient, any
>> disclosure, copying, distribution or any action taken or omitted to be
>> taken in reliance on it is prohibited and may be unlawful.
>>
>>
>>
>>
>>
>> On Fri, Jan 30, 2026 at 16:47:06, Michael Williams < Michael. Williams@ glexia.
>> com ( Michael.Williams@glexia.com ) > wrote:
>>
>>> All -
>>>
>>>
>>>
>>> Please find my submissions in relation to the notice of motion and
>>> injunction. If you have instructed legal representatives, please provide
>>> their contact information so I may communicate with them directly.
>>>
>>>
>>>
>>> Regards,
>>>
>>>
>>>
>>> Michael Williams
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> *Michael B. Williams*
>>> Glexia - An IT Company
>>>
>>>
>>> Book a Meeting With Me ( [REDACTED][REDACTED]                        )
>>>
>>>
>>>
>>> USA Direct: +1 978 477 6797
>>> USA Toll Free: +1 800 675 0297 x101
>>> AUS Direct: +61 3 8594 2265
>>> AUS Toll Free: +61 1800 931 724 x101
>>> Fax: +1.815-301-5570
>>>

>>>
>>>
>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>> ) (High-Security Correspondence)
>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>
>>>
>>> Legal Notice:
>>> The information in this electronic mail message is the sender's
>>> confidential business and may be legally privileged. It is intended solely
>>> for the addressee(s). Access to this internet electronic mail message by
>>> anyone else is unauthorized. If you are not the intended recipient, any
>>> disclosure, copying, distribution or any action taken or omitted to be
>>> taken in reliance on it is prohibited and may be unlawful.
>>>
>>>
>>>
>>>
>>>
>>> On Fri, Jan 30, 2026 at 11:02:22, Michael Williams < Michael. Williams@ glexia.
>>> com ( Michael.Williams@glexia.com ) > wrote:
>>>
>>>> Attached is SCHEDULE A of the Statement of Claim, which was missing from
>>>> the initial send.
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>> *Michael B. Williams*
>>>> Glexia - An IT Company
>>>>
>>>>
>>>>
>>>> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>>>>
>>>>
>>>>
>>>> USA Direct: +1 978 477 6797
>>>> USA Toll Free: +1 800 675 0297 x101
>>>> AUS Direct: +61 3 8594 2265
>>>> AUS Toll Free: +61 1800 931 724 x101
>>>> Fax: +1.815-301-5570
>>>>
>>>>
>>>>
>>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>>> ) (High-Security Correspondence)
>>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>>
>>>>
>>>> Legal Notice:
>>>> The information in this electronic mail message is the sender's

>>>> confidential business and may be legally privileged. It is intended solely
>>>> for the addressee(s). Access to this internet electronic mail message by
>>>> anyone else is unauthorized. If you are not the intended recipient, any
>>>> disclosure, copying, distribution or any action taken or omitted to be
>>>> taken in reliance on it is prohibited and may be unlawful.
>>>>
>>>>
>>>>
>>>>
>>>>
>>>> On Fri, Jan 30, 2026 at 10:12:23, Michael Williams < Michael. Williams@ glexia.
>>>> com ( Michael.Williams@glexia.com ) > wrote:
>>>>
>>>>> All -
>>>>>
>>>>>
>>>>> Attached is the NOTICE OF MOTION and AFFIDAVIT OF MICHAEL WILLIAMS seeking
>>>>> emergency relief from the Court. We will seek an emergency hearing as
>>>>> early as 9 am Sydney Time today ( 31 January 2026 - AEST). Stamped (sealed)
>>>>> copies will be provided once available.
>>>>>
>>>>>
>>>>> Submissions to follow.
>>>>>
>>>>>
>>>>> Regards,
>>>>>
>>>>>
>>>>> Michael Williams
>>>>>
>>>>>
>>>>>
>>>>>
>>>>>
>>>>>
>>>>> *Michael B. Williams*
>>>>> Glexia - An IT Company
>>>>>
>>>>>
>>>>> Book a Meeting With Me ( [REDACTED][REDACTED]                )
>>>>>
>>>>>
>>>>> USA Direct: +1 978 477 6797
>>>>> USA Toll Free: +1 800 675 0297 x101
>>>>> AUS Direct: +61 3 8594 2265
>>>>> AUS Toll Free: +61 1800 931 724 x101
>>>>> Fax: +1.815-301-5570
>>>>>
>>>>>
>>>>>

>>>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>>>> ) (High-Security Correspondence)
>>>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>>>
>>>>>
>>>>> Legal Notice:
>>>>> The information in this electronic mail message is the sender's
>>>>> confidential business and may be legally privileged. It is intended solely
>>>>> for the addressee(s). Access to this internet electronic mail message by
>>>>> anyone else is unauthorized. If you are not the intended recipient, any
>>>>> disclosure, copying, distribution or any action taken or omitted to be
>>>>> taken in reliance on it is prohibited and may be unlawful.
>>>>>
>>>>>
>>>>>
>>>>>
>>>>>
>>>>> On Fri, Jan 30, 2026 at 08:28:38, Michael Williams < Michael. Williams@ glexia.
>>>>> com ( Michael.Williams@glexia.com ) > wrote:
>>>>>
>>>>>> Dear Sirs,
>>>>>>
>>>>>>
>>>>>>
>>>>>> In an effort to provide you as much notice as possible, please find the
>>>>>> attached statement of claim filed in the NSW Supreme Court. We urge you to
>>>>>> obtain legal representation.
>>>>>>
>>>>>>
>>>>>>
>>>>>> We are in the process simultaneously filing in the US District Court in
>>>>>> relation to intellectual property concerns.
>>>>>>
>>>>>>
>>>>>> Shortly I will serve you a notice of motion along with an affidavit and
>>>>>> submissions.
>>>>>>
>>>>>>
>>>>>> We are awaiting stamped court copies which will be served immediately upon
>>>>>> receipt.
>>>>>>
>>>>>>
>>>>>> Regards,
>>>>>>
>>>>>>
>>>>>>
>>>>>> Michael Williams
>>>>>>
>>>>>>
>>>>>>
>>>>>>
>>>>>>
>>>>>>
>>>>>> *Michael B. Williams*
>>>>>> Glexia - An IT Company
>>>>>>

>>>>>>
>>>>>>
>>>>>> Book a Meeting With Me ( [REDACTED] )
>>>>>>
>>>>>>
>>>>>>
>>>>>> USA Direct: +1 978 477 6797
>>>>>> USA Toll Free: +1 800 675 0297 x101
>>>>>> AUS Direct: +61 3 8594 2265
>>>>>> AUS Toll Free: +61 1800 931 724 x101
>>>>>> Fax: +1.815-301-5570
>>>>>>
>>>>>>
>>>>>>
>>>>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>>>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>>>>> ) (High-Security Correspondence)
>>>>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>>>>
>>>>>>
>>>>>> Legal Notice:
>>>>>> The information in this electronic mail message is the sender's
>>>>>> confidential business and may be legally privileged. It is intended solely
>>>>>> for the addressee(s). Access to this internet electronic mail message by
>>>>>> anyone else is unauthorized. If you are not the intended recipient, any
>>>>>> disclosure, copying, distribution or any action taken or omitted to be
>>>>>> taken in reliance on it is prohibited and may be unlawful.
>>>>>>
>>>>>
>>>>>
>>>>
>>>>
>>>
>>>
>>
>>
>
>
>
>

| | |
|---|---|
| **From:** | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
| **To:** | uspto@connectify.me, kamran.emdadi@gmail.com, Speedify Support &lt;support@speedify.com&gt;, agizis@connectify.me, AsheryESQ@ |
| **Date:** | Wed, 04 Feb 2026 18:33:54 +0000 |
| **Subject:** | Michael Williams v Connectify, Inc. (trading as "Speedify") [2026] NSWSC 30 |

Dear Sirs,

Please find the published decision of the Supreme Court of NSW in the matter:
https://www.caselaw.nsw.gov.au/decision/19c25793f24abafbdbc41b9c#

We are filing a new notice of motionto ensure you are properly on notice and have a further opportunity to participate. We also anticipate filing in the United States District Court immediately, although the extensive documentation required for a TRO is taking longer than anticipated.

As mentioned, the continued bad-faith and harassing communications from Mr Gizis will not be tolerated and will be adduced in Court.

Regards,

Michael Williams

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED] )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

---

| From: | Michael Williams &lt;Michael.Williams@glexia.com&gt; |
|---|---|
| To: | AsheryESQ@gmail.com |
| Date: | Mon, 09 Feb 2026 22:21:31 +0000 |
| Subject: | Re: Fwd: Service of Supreme Court of NSW proceedings and interlocutory application (Orders made 30 January 2026) |

Dear Mr Ashery —

I am writing again as I have not yet received any response regarding the service of the Supreme Court of NSW proceedings and interlocutory application. Please advise at your earliest convenience whether you are able to accept service for Connectify and Mr. Gizis, or provide the appropriate contact so this matter can proceed without further delay.

*Michael B. Williams*
Glexia - An IT Company

Book a Meeting With Me ( [REDACTED][REDACTED] )

USA Direct: +1 978 477 6797
USA Toll Free: +1 800 675 0297 x101
AUS Direct: +61 3 8594 2265
AUS Toll Free: +61 1800 931 724 x101
Fax: +1.815-301-5570

Michael.Williams@glexia.com
Michael.Williams@secure.glexia.com (High-Security Correspondence)
https://www.glexia.com/

Legal Notice:
The information in this electronic mail message is the sender's confidential business and may be legally privileged. It is intended solely for the addressee(s). Access to this internet electronic mail message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful.

On Thu, Feb 05, 2026 at 1:25 PM, Michael Williams < Michael.Williams@glexia.com > wrote:

>
> Dear Mr Ashery —
>
> I have not yet received confirmation regarding the service of the Supreme
> Court of NSW proceedings and interlocutory application. Please let me know
> if you are able to accept service for Connectify and Mr. Gizis, or provide
> the appropriate contact so this can be addressed without delay.
>
>

>
>
>
>
>
> *Michael B. Williams*
> Glexia - An IT Company
>
>
>
> Book a Meeting With Me ( [REDACTED][REDACTED]                              )
>
>
>
> USA Direct: +1 978 477 6797
> USA Toll Free: +1 800 675 0297 x101
> AUS Direct: +61 3 8594 2265
> AUS Toll Free: +61 1800 931 724 x101
> Fax: +1.815-301-5570
>
>
>
> Michael.Williams@glexia.com
> Michael.Williams@secure.glexia.com (High-Security Correspondence)
> https://www.glexia.com/
>
>
> Legal Notice:
> The information in this electronic mail message is the sender's
> confidential business and may be legally privileged. It is intended solely
> for the addressee(s). Access to this internet electronic mail message by
> anyone else is unauthorized. If you are not the intended recipient, any
> disclosure, copying, distribution or any action taken or omitted to be
> taken in reliance on it is prohibited and may be unlawful.
>
>
> On Tue, Feb 03, 2026 at 12:57 PM, Michael Williams < Michael.Williams@glexia.com
> > wrote:
>
>> Dear Mr Ashery —
>>
>>
>> I am following up regarding the service of the Supreme Court of NSW
>> proceedings and interlocutory application. Please advise if you have
>> received the materials and confirm whether you are able to accept service
>> for Connectify and Mr. Gizis, or alternatively provide the appropriate
>> contact for service. Your prompt response will help ensure this matter
>> proceeds without unnecessary procedural steps.
>>
>>
>>
>>
>>
>>
>>
>>
>> *Michael B. Williams*

>> Glexia - An IT Company
>>
>>
>>
>> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>>
>>
>>
>> USA Direct: +1 978 477 6797
>> USA Toll Free: +1 800 675 0297 x101
>> AUS Direct: +61 3 8594 2265
>> AUS Toll Free: +61 1800 931 724 x101
>> Fax: +1.815-301-5570
>>
>>
>>
>> Michael.Williams@glexia.com
>> Michael.Williams@secure.glexia.com (High-Security Correspondence)
>> https://www.glexia.com/
>>
>>
>> Legal Notice:
>> The information in this electronic mail message is the sender's
>> confidential business and may be legally privileged. It is intended solely
>> for the addressee(s). Access to this internet electronic mail message by
>> anyone else is unauthorized. If you are not the intended recipient, any
>> disclosure, copying, distribution or any action taken or omitted to be
>> taken in reliance on it is prohibited and may be unlawful.
>>
>>
>>
>>
>>
>> On Sat, Jan 31, 2026 at 8:09 PM, Michael Williams < Michael.Williams@glexia.com
>> > wrote:
>>
>>> Dear Mr Ashery — this is Michael Williams. I'm contacting you because you
>>> publicly hold yourself out as Chief Counsel for Connectify.
>>>
>>>
>>>
>>> I served Connectify and Mr. Gizis today pursuant to Orders of the Supreme
>>> Court of New South Wales ( 30 Jan 2026 ) and I've emailed the sealed
>>> service set (Statement of Claim, Notice of Motion, affidavit/exhibits,
>>> submissions).
>>>
>>>
>>>
>>> Please confirm (1) you've received the service materials, and (2) whether
>>> you will accept service for Connectify / Mr. Gizis, or alternatively
>>> provide the correct registered agent and service address in Pennsylvania
>>> so service can be regularized without dispute.
>>>
>>>
>>>
>>> If Connectify continues to ignore service/notice, I will pursue all
>>> available procedural steps to prove receipt and intentional non-response,
>>> including subpoenas and deposition testimony from relevant Connectify

>>> personnel (including, if necessary, you as Chief Counsel).
>>>
>>>
>>>
>>> My preference is to proceed civilly and efficiently—please reply with the
>>> appropriate confirmation/contact details.
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> *Michael B. Williams*
>>> Glexia - An IT Company
>>>
>>>
>>>
>>> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>>>
>>>
>>>
>>> USA Direct: +1 978 477 6797
>>> USA Toll Free: +1 800 675 0297 x101
>>> AUS Direct: +61 3 8594 2265
>>> AUS Toll Free: +61 1800 931 724 x101
>>> Fax: +1.815-301-5570
>>>
>>>
>>>
>>> Michael.Williams@glexia.com
>>> Michael.Williams@secure.glexia.com (High-Security Correspondence)
>>> https://www.glexia.com/
>>>
>>>
>>> Legal Notice:
>>> The information in this electronic mail message is the sender's
>>> confidential business and may be legally privileged. It is intended solely
>>> for the addressee(s). Access to this internet electronic mail message by
>>> anyone else is unauthorized. If you are not the intended recipient, any
>>> disclosure, copying, distribution or any action taken or omitted to be
>>> taken in reliance on it is prohibited and may be unlawful.
>>>
>>>
>>>
>>>
>>>
>>> ---------- Forwarded message ----------
>>> From: Michael Williams <Michael.Williams@glexia.com>
>>> Date: Saturday, January 31 2026 at 7:51 PM CST
>>> Subject: Service of Supreme Court of NSW proceedings and interlocutory
>>> application (Orders made 30 January 2026)
>>> To: Michael Williams <michael.williams@glexia.com>
>>>
>>>
>>> *BY EMAIL*
>>>

>>>
>>>
>>> To: Legal Department / Company Secretary
>>>
>>> Connectify, Inc. (trading as "Speedify") ,
>>>
>>> Mr Alexander C Gizis,
>>>
>>> All Connectify, Inc Employees
>>>
>>>
>>> Dear Sirs / Mr Gizis / Connectivity Employee,
>>>
>>>
>>> *SERVICE PURSUANT TO SUPREME COURT OF NSW ORDERS (* *30 JANUARY 2026* *)*
>>>
>>>
>>> I write to effect service, pursuant to the Orders made by the Supreme
>>> Court of New South Wales, Australia on 30 January 2026.
>>>
>>>
>>> Please find attached, by way of service, the sealed court documents in
>>> these proceedings, including the originating process and the Plaintiff's
>>> urgent interlocutory application and supporting materials (together, the
>>> Documents).
>>>
>>>
>>> For completeness, and to ensure service is brought to your attention
>>> without delay, the Documents have also been dispatched via multiple
>>> delivery methods, including Certified Mail, FedEx, and personal service.
>>>
>>>
>>> *Documents enclosed (served):*
>>>
>>> - Sealed Statement of Claim (Form 3B)
>>>
>>> - Notice of Motion (Form 20) seeking urgent interim/interlocutory relief
>>>
>>> - Supporting Affidavit of Michael Williams (with exhibits/annexures)
>>>
>>> - Plaintiff's Submissions in support of urgent interim and interlocutory
>>> relief
>>>
>>> - Annexures/exhibits as indexed within the affidavit materials
>>>
>>>
>>> *Confirmation of receipt requested*
>>>
>>> Please confirm receipt of this email and the attachments by return email,
>>> and identify the appropriate person(s) authorised to accept service and to
>>> correspond on behalf of Connectify, Inc. in relation to these proceedings.
>>>

>>>
>>>
>>>
>>> *No retreat / continuation of proceedings*
>>>
>>> For the avoidance of doubt, I and my related entities will continue to
>>> pursue Connectify, Inc. for the substantial harm caused, and will not
>>> desist absent appropriate relief and/or resolution. This email and the
>>> service effected hereby are sent without waiver of any rights, remedies,
>>> or claims.
>>>
>>>
>>>
>>> Yours faithfully,
>>>
>>>
>>>
>>> Michael Williams
>>>
>>> Self-Represented Litigant
>>>
>>> Suite 1524, 50–58 Macleay Street
>>>
>>> Elizabeth Bay NSW 2011, Australia
>>>
>>> Tel: [REDACTED]
>>>
>>> Email: Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> *Michael B. Williams*
>>> Glexia - An IT Company
>>>
>>>
>>>
>>> Book a Meeting With Me ( [REDACTED][REDACTED]                    )
>>>
>>>
>>>
>>> USA Direct: +1 978 477 6797
>>> USA Toll Free: +1 800 675 0297 x101
>>> AUS Direct: +61 3 8594 2265
>>> AUS Toll Free: +61 1800 931 724 x101
>>> Fax: +1.815-301-5570
>>>
>>>
>>>
>>> Michael. Williams@ glexia. com ( Michael.Williams@glexia.com )
>>> Michael. Williams@ secure. glexia. com ( Michael.Williams@secure.glexia.com
>>> ) (High-Security Correspondence)
>>> https:/ / www. glexia. com/ ( https://www.glexia.com/ )
>>>

\>\>\>
\>\>\> Legal Notice:
\>\>\> The information in this electronic mail message is the sender's
\>\>\> confidential business and may be legally privileged. It is intended solely
\>\>\> for the addressee(s). Access to this internet electronic mail message by
\>\>\> anyone else is unauthorized. If you are not the intended recipient, any
\>\>\> disclosure, copying, distribution or any action taken or omitted to be
\>\>\> taken in reliance on it is prohibited and may be unlawful.
\>\>\>
\>\>\>
\>\>\>
\>\>
\>\>
\>\>
\>\>
\>
\>