Stradley Ronon Stevens & Young, LLP
Patrick R. Kingsley, Esquire
David R. Scott, Esquire
2005 Market St, Suite 2600
Philadelphia, PA  19103-7018
(215) 564-8000
pkingsley@stradley.com
dscott@stradley.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MICHAEL WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:26-cv-818 |
| CONNECTIFY, INC. AND ALEXANDER C. GIZIS, | : Judge Gerald J. Pappert |
| Defendants. | : |

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO MOVE TO DISMISS THE COMPLAINT AND TO EXCEED MOTION PAGE LIMIT

Defendant Alexander C. Gizis, by undersigned counsel, moves for the Court to (i) extend the deadline to file a response to Plaintiff Michael Williams's ninety-three (93) page Second Amended Complaint[1] by twenty (20) days and (ii) grant him leave to file a responsive brief in excess of the twenty-five (25) page limit established by Judge Pappert's Policies and Procedures, up to a maximum of forty (40) pages, and in support thereof states:

1. Plaintiff has a disturbing history of threats and harassment, wherein he proudly uses litigation as a tool of extortion. His behavior was recently admonished by a federal court in a 2024

---

[1] Plaintiff misidentified the Second Amended Complaint in the body of the document, where he incorrectly refers to it as the "First Amended Complaint."

action involving the Federal Deposit Insurance Corporation ("FDIC") wherein he continually harassed FDIC counsel and family members, which the Court labeled as "beyond unacceptable." Mr. Williams sent threatening texts to the personal cell phones of FDIC Senior Counsel and family members, including language such as "I hope you know we never forget" and "my guys" will send a package to the attorney's home address. *See* FDIC's Opposition to Williams' Motion for Relief from Order at 2, *History Associates Incorporated v. Federal Deposit Insurance Corporation*, No. 1:24-cv-1857-ACR (D.D.C. May 15, 2025). The court there found Mr. Williams' threats to be so pervasive that it issued an order on January 24, 2025 prohibiting him from further contact with the FDIC counsel of record or their family members. Being concerned about Mr. Williams' conduct, the court also suggested that FDIC attorneys have personal packages delivered to FDIC headquarters so that they could be screened, in case Mr. Williams sends something of danger. *See* Transcript of Jan. 22, 2025 Status Conference Before the Honorable Ana C. Reyes at p. 15-16, *History Associates Incorporated v. Federal Deposit Insurance Corporation*, No. 1:24-cv-1857-ACR (D.D.C. January 22, 2025).

2. Mr. Williams has also engaged in litigation tactics that the District Court of New South Wales in Australia referred to as a "campaign of extortion." *See Kurraba Group Pty Ltd & Anor v Williams* (2025) NSWDC 396 (Austl.). In that case, Mr. Williams proudly boasted that he "costs [companies] far more in legal fees" than it would cost for them to just settle with him, and that he "has had success with this kinds of activity before," referring to making money by engaging in harassing litigation.

3. Mr. Williams has now turned his extortive and harassing litigation tactics on Defendant.

4. This litigation relates to software subscriptions Mr. Williams purchased from

Defendant Connectify, Inc.  After he refused to troubleshoot any technical issues with Connectify's technical support, Mr. Williams was provided a full refund for his subscriptions.

5.      Prior to filing suit, Mr. Williams acquired Connectify's CEO's personal cell phone number (Defendant Gizis) and began sending threatening text messages.   Mr. Williams then acquired Connectify's outside counsel's cell phone number and began sending threatening text messages, including "I can assure you I am not going anywhere: I will pursue this matter to the end of the earth until I am out of money resources or dead," and "Your client clearly thinks I'm bluffing and if that's the case he won't realise I'm serious until he's in handcuffs for contempt."

6.      Mr. Williams proposed to Miri, a company that sold Mr. Williams his internet router, that if they colluded with him, they could "potentially bankrupt [Connectify] alone with legal proceedings in which case you could acquire" Connectify.

7.      On January 31, 2026, Mr. Williams sought injunctive relief against Connectify in the Supreme Court in New South Wales, Australia.  That court denied the request—even without Connectify entering an appearance or raising a defense on the other side of the planet—noting that there is "no supporting evidence of many of the assertions made by" Mr. Williams.

8.      On April 13, 2026, Plaintiff filed a ninety-three (93) page Second Amended Complaint against Connectify with this Court. *See* ECF No. 16.

9.      On May 7, 2026, Plaintiff served Defendant Gizis with the Second Amended Complaint and his current deadline to respond to the Complaint is May 28, 2026.[2] [3]

10.     The Second Amended Complaint contains fourteen (14) counts raising putative

---

[2] The docket states that service was effectuated on May 5, which is incorrect.  Service was effectuated on May 7, which is the date stated in the proof of service.

[3] Mr. Williams filed a proof of service claiming to have served Defendant Connectify on May 1, 2026.  That service, however, was not upon Connectify.  Mr. Williams appears to have served a different entity by the same name.

claims under common law, Pennsylvania law, California law, and Australia law.

11.     A cursory review of the Second Amended Complaint has already revealed multiple false citations, i.e., case law quotes that simply do not exist.  It is clear that Plaintiff's complaint was AI generated.

12.     The Second Amended Complaint is a blatant violation of Rule 8(a)(2) which provides that a pleading is to "contain . . . a short and plain statement of the claim."  There is nothing short or plain about the Second Amended Complaint.

13.     Counsel for the Defendant has conferred in good faith with Plaintiff seeking his consent to an extension of time to respond. Plaintiff refused to consent to this reasonable request.

14.     The deadline to be extended has not been continued or extended previously.

15.     There are no other existing court-imposed deadlines in this case, as no scheduling order has been filed.

16.     No pretrial conference or trial has been scheduled.

17.     Defendant intends to move to dismiss this frivolous and extortive complaint. If Defendant responded to each cause of action with only three (3) pages, that would total forty-two (42) pages.

18.     Mr. Gizis does not believe he can fully defend against Plaintiff's AI generated 93 page, fourteen count Second Amended Complaint addressing common law, Pennsylvania law, California law, and Australian law, all within twenty-one days of service and within twenty-five pages of briefing.

19.     In order to adequately respond to the allegations against him, Mr. Gizis respectfully requests leave to file a brief in response to the Second Amended Complaint in excess of the twenty-five (25) page limit established by Judge Pappert's Policies and Procedures, up to a maximum of

forty (40) pages.

20.     Mr. Gizis additionally requests a 20-day extension of the deadline to file a response to Plaintiff's Second Amended Complaint up to and including June 17, 2026.

WHEREFORE, Mr. Gizis respectfully requests the Court (1) extend his deadline to file a responsive pleading to the Second Amended Complaint, up to and including June 17, 2026 and (2) grant him leave to file a responsive pleading in excess of the twenty-five (25) page limit established by Judge Pappert's Policies and Procedures, up to a maximum of forty (40) pages.

Respectfully submitted,

Dated: May 13, 2026

/s/ *David R. Scott*
Patrick R. Kingsley, Esquire
David R. Scott, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market St, Suite 2600
Philadelphia, PA  19103-7018
(215) 564-8000
pkingsley@stradley.com
dscott@stradley.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:26-cv-818 |
| CONNECTIFY, INC. AND ALEXANDER C. GIZIS, | : Judge Gerald J. Pappert |
| Defendants. | : |

**<u>CERTIFICATE OF SERVICE</u>**

I, David R. Scott, do certify that on the 13th day of May, 2026, I arranged for a true and correct copy of the forgoing Defendant's Motion for Extension of Time to File Responsive Pleading and to Exceed Motion Page Limit to be served by email and the Court's electronic filing system to:

Michael Williams
Suite 1524
50-58 Macleay Street
Elizabeth Bat NSW 2011
Australia
Michael.Williams@glexia.com

*/s/ David R. Scott*____
David R. Scott