**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WILLIAMS,<br>*Plaintiff,*<br>v.<br>CONNECTIFY, INC., et al.,<br>*Defendants.* | CIVIL ACTION<br>NO. 26-818 |

**Pappert, J.** **August 24, 2026**

**MEMORANDUM**

*Pro se* plaintiff Michael Williams sued Connectify, Inc. and its founder Alexander Gizis asserting claims under Pennsylvania, California and Australian law. The defendants move to dismiss Williams's Third Amended Complaint, and the Court grants their motion, dismissing all claims with prejudice.

I

Speedify combines internet connections (cellular, Wi-Fi, Ethernet and satellite) allowing users to take advantage of their combined speed. (Third Am. Compl. ¶¶ 23, 27, Dkt. No. 32.) On January 25, 2026, Michael Williams bought a Speedify subscription from Connectify for $450. (*Id.* ¶ 42.) After complaining to Connectify about Speedify's quality, Williams received a full refund. (*Id.* ¶ 79.) In a 94-page, 199-paragraph tome, he now alleges eleven counts under state and foreign law against Connectify and Gizis, including: (1) breach of contract, (2) trespass to chattels, (3) conversion, (4) fraud, (5) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, (6) unjust enrichment, (7) violation of California's unfair

competition, false advertising and consumer legal remedies statutes, (8) declaratory relief and (9) violation of Australian law.

## II

The Court assesses the sufficiency of a pleading before discovery under Federal Civil Rules 8 and 12. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." *Id.* 12(b)(6). Taken together, the two rules require the plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010). The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682. Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). In gauging the

plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff and draw reasonable inferences from them. *Connelly*, 809 F.3d at 786 n.2. Because Williams is proceeding *pro se*, the Court construes his complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

III

A

Breach of contract requires (1) a contract, (2) its breach and (3) resulting damages. *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010). Williams argues Connectify breached its terms of service by terminating his Speedify account without his consent. But in the terms of service Connectify "reserve[d] the right to suspend, terminate, or refuse the Service to anyone at any time for any reason." (Terms of Service at 6, Dkt. No. 46-4.) Here, Connectify terminated Williams's service because after he complained about Speedify, Williams found the personal phone numbers of Connectify employees, called them and threatened them. (Third Am. Compl. ¶ 94); (Email at 2, Dkt. No. 9-4.)

Williams responds that the termination provision is unconscionable. Unconscionability requires contract terms unreasonably favorable to one party. *Witmer v. Exxon Corp.*, 434 A.2d 1222, 1228 (Pa. 1981). Permitting Connectify to terminate Speedify services does not unreasonably favor Connectify.[1]

To the extent Williams asserts different breach-of-contract theories, they also fail. For example, he alleges Connectify breached a contract by, among other things,

---

[1] Williams also seeks a declaration that Connectify breached its terms of service by unlawfully terminating his Speedify service. As explained, it did not.

falsely claiming that it deactivated his account after he requested cancellation. The Court has no idea how this could form the basis for breach of contract, and Williams fails to offer a cogent explanation.

B

Trespass to chattels means the defendant intentionally dispossessed the plaintiff of his chattel or used or intermeddled with his chattel. *Pestco, Inc. v. Associated Prods., Inc.*, 880 A.2d 700, 708 (Pa. Super. Ct. 2005). A chattel is movable property. *Id.*; *see also Chattel*, Black's Law Dictionary (12th ed. 2024). Williams appears to connect his trespass to chattel claim to his physical, internet router. But he fails to allege that Connectify or Gizis dispossessed him of his router; in fact, Williams admits that he still possesses his router. Williams also fails to allege that the defendants used his router or intermeddled with it. They just terminated his Speedify subscription, which they were permitted to do.

C

Conversion is the deprivation of another's property, or use or possession of, or other interference therewith, without the owner's consent and without lawful justification. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 659 n.3 (Pa. Super. Ct. 2000). Williams fails to state a conversion claim for the same reasons he fails to state a trespass to chattel claim. The defendants did not deprive Williams of his router. Nor did they deprive him of the use or possession of his router, and they did not interfere with his use or possession of his router.

D

Fraud requires (1) misrepresentation, (2) materiality, (3) knowledge or recklessness, (4) intent to mislead, (5) justifiable reliance and (6) injury. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022). Williams fails to establish several of these elements. He first points to "post-purchase" statements by Gizis. (Third Am. Compl. ¶ 137.) For example, after Williams complained about Speedify, Gizis allegedly said that Williams requested that Connectify terminate his service. (*Id.*) But fraud requires an underlying transaction, *SodexoMAGIC, LLC*, 24 F.4th at 205, and the underlying transaction here is Williams's purchase of Speedify. Williams could not have possibly relied on Gizis's post-purchase statements when he bought Speedify. Williams next points to several marketing statements by Connectify touting Speedify. But these are classic puffery, not misrepresentations. *Huddleston v. Infertility Ctr. of Am., Inc.*, 700 A.2d 453, 461 (Pa. Super. Ct. 1997).

E

Pennsylvania's Unfair Trade Practices and Consumer Protection Law requires (1) the plaintiff purchased services primarily for personal, family or household purposes, (2) the plaintiff suffered an ascertainable loss, (3) the loss occurred as a result of the use or employment by a vendor of an unlawful method, act, or practice and (4) the plaintiff justifiably relied on the unfair or deceptive business practice. *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021).

Williams fails to allege an ascertainable loss. Connectify gave him a full refund, and in his response he says only that he suffered "loss of use," whatever that means. (Pl.'s Resp. to Defs.' Mot. to Dismiss at 28, Dkt. No. 50.) Williams also fails to describe

in non-conclusory terms how Connectify engaged in unlawful practices. While he appears to allege Connectify committed fraud, he (again) fails to state sufficient facts to support that claim.

F

Unjust enrichment requires (1) the plaintiff conferred benefits to the defendant, (2) the defendant appreciated the benefits and (3) the defendant's retention of the benefits would be inequitable. *Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.*, 933 A.2d 664, 669 (Pa. Super. Ct. 2007). Unjust enrichment is available only if there is no contract between the parties. *Id.*

There was a contract between Williams and Connectify, so Williams cannot state a plausible unjust enrichment claim. Even if he could invoke unjust enrichment, his claim fails. Williams bought his Speedify service for $450, but Connectify gave him a full refund, so Connectify retained no benefit.

G

Williams also asserts claims under California's unfair competition, false advertising and consumer legal remedies statutes. But he cannot invoke these statutes because his claims arise solely from conduct occurring outside California. *Norwest Mortg., Inc. v. Superior Ct.*, 85 Cal. Rptr. 2d 18, 23 (Cal. Ct. App. 1999). He also fails to allege sufficient facts to support these claims. He claims the defendants engaged in unlawful conduct because they violated "the common law and the consumer protection statutes alleged herein, including the California Legal Remedies Act and the California False Advertising Law." (Third Am. Compl. ¶ 163.) And he says Connectify engaged in immoral conduct. (*Id.* ¶ 164). But these conclusory assertions do not suffice.

H

Finally, Williams asserts that Connectify violated Australian law by engaging in unfair trade practices. But his allegations are so conclusory and muddled the Court cannot decipher them.

IV

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend if amendment would be futile. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018). Amendment would be futile because Williams could allege no new facts to fix the problems with his pleading. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Connectify terminated Williams's Speedify subscription in accordance with its terms of service because Williams threatened its employees. Williams has now filed four complaints and has not stated a single plausible claim. Amendment would change nothing.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.